all the capital, but the profits were their joint efforts, and should be divided between them, making the proper allowance for what one may have contributed to the capital more than the other.

I think the interlocutory judgment should be affirmed, with costs.

---

### In re HASKIN.

### In re FERRIS' ESTATE.

(Supreme Court, Appellate Division, Fourth Department. March 7, 1906.)

**1. TRUSTS—TRUSTEES—RIGHT TO COMMISSIONS.**

Where a trustee paid over the income of the trust fund to the bene--ficiary for a series of years without making any deductions for commissions until the filing of his account, at which time he had in his hands more than sufficient to pay his commissions, which had not been previously deducted, because he did not know he was entitled to them, it was error for the surrogate to refuse to allow him commissions on the whole amount of the income so paid, payable out of the income then in his hands.

[Ed. Note.—For cases in point, see vol. 47, Cent. Dig. Trusts, §§ 445–450, 455.]

**2. SAME—MISMANAGEMENT.**

Where a trustee had voluntarily made good whatever loss had occurred in the investment of a trust fund, and had regularly paid the whole income to the beneficiary on semi-annual rests as provided in the will, he could not be deprived of commissions because of alleged mismanagement causing such loss.

Appeal from Surrogate's Court, Cayuga County.

Judicial settlement of the accounts of Clinton A. Haskin, as testamentary trustee of the estate of Phoebe M. Ferris, deceased. From so much of a surrogate's decree refusing to allow commissions to the trustee on certain income paid to a beneficiary under the will, he appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

KRUSE, J. By the will of Phoebe M. Ferris her daughter, Ella Quinlan, was left the use of $2,000 for life. The income was directed to be paid to her semiannually, and the principal was directed to be paid eventually to the four children of the testatrix's son, James J. Ferris. Clinton A. Haskin was the executor of the will and trustee of the fund. In April, 1905, Haskin was discharged as executor, after settling his accounts, and he distributed the moneys in his hands in accordance with the decree, retaining in his hands as trustee, among other funds, the said $2,000 in accordance with the terms of the will. The trustee paid regularly to Ella Quinlan the income from May 15, 1895, to May 15, 1904, as the will provided; in all the sum of $1,140 being paid at the rate of 6 per cent. per annum on the $2,000. No annual account was filed by the trustee in the Surrogate's Court, and he never made any deductions for his commissions. He testified that he had not done so for the reason that he did not know he had such right,

but supposed that would be done when a final settlement was had and he discharged as trustee. The surrogate refused to allow him commissions on $1,140 which he had paid to Ella Quinlan, although he still had in his hands the income from May 15, 1904, which was more than enough to pay his commissions on the $1,140, amounting to $57, upon the ground that by paying the income to her without deducting and retaining his commissions therefor the trustee had waived payment thereof. We think under the circumstances of this case the trustee should have been allowed his commissions on the $1,140.

While it is now claimed that the trustee, not only waived his right to these commissions, but that the surrogate was justified in withholding them upon the ground of mismanagement, the evidence shows that whatever loss had occurred in the investment of this fund was voluntarily made good by this trustee, and the surrogate expressly refrained from making a determination that the trustee mismanaged the trust. Indeed, there is no claim made by Ella Quinlan, who resisted the payment of the commissions, that she has not been paid the income as the will directed, and the surrogate found that she had been paid regularly and the whole of it on semiannual rests.

The cases relied upon by counsel for respondent (Spencer v. Spencer, 38 App. Div. 403, 56 N. Y. Supp. 460; Matter of Haight, 51 App. Div. 310, 64 N. Y. Supp. 1029; Conger v. Conger, 105 App. Div. 590, 94 N. Y. Supp. 547) we think do not support his contention. It is not sought here to subject the primary fund to the payment of these commissions. No injustice will be done the beneficiary in allowing the trustee the commissions he has fairly earned, and, as we think, is justly entitled to receive.

The decree of the Surrogate's Court, so far as it refuses to allow commissions to the trustee on the $1,140 paid by him to the beneficiary Ella Quinlan, should be reversed, and said decree modified so as to allow the same, payable out of any moneys in the hands of said trustee received by him as income from said principal sum of $2,000 so set apart for the use of said Ella Quinlan for life, with costs of this appeal to the appellant against Ella Quinlan, the respondent.

The decree of the Surrogate's Court, so far as it refuses to allow commissions to the trustee on the $1,140 paid by him to the beneficiary Ella Quinlan, is reversed, and said decree modified so as to allow the same, payable out of any moneys in the hands of said trustee received by him as income from said principal sum of $2,000 so set apart for the use of said Ella Quinlan for life, with costs of this appeal to the appellant against the respondent. All concur.