In the Matter of the Estate of ROBERT B. HAWLEY, Deceased.*

Surrogate's Court, New York County, March 27, 1927.

*Shattuck, Bangs & Winant,* for the executors.

*William R. Brinckerhoff,* special guardian for John C. and Calvin H. Oakes.

*Bertram L. Kraus,* for Harriman National Bank.

*John Godfrey Saxe,* referee.

*John J. O'Connor,* special guardian for Ashley Ely.

O'BRIEN, S. On the settlement of the decree submitted in this accounting proceeding a question is presented as to the amount of commissions to be allowed to the executors. The estate received by the executors was over $3,000,000, and it appears that certain securities held by them, and which they are now turning over to the trustees, have increased in value to the extent of $828,404.50. It is contended by the executors that they are entitled to the statutory commissions for both receiving and paying out that increment. Two of the parties interested in the estate object to such an allowance and contend that the commissions should be computed so that

* Received for publication December 8, 1931.

the executors shall receive one-half the statutory commission for paying over the increment only, and that no commissions should be allowed for receiving the increment.

In a report, which I have confirmed, the referee appointed to hear and determine objections to the account recommended that the executors be allowed only one-half of the statutory commissions for paying over the increment. It is now urged on behalf of the objections that the referee's report by inference denies commissions for receiving the increment. Whatever may be said about such an inference, this question was not one of the issues passed upon by the referee, and if it may be successfully contended that he had made a decision upon this point, his report to this extent is overruled. This question of commissions for " receiving " the increment does not appear to have ever been the subject of a decision by the appellate courts of this State. The decisions cited by the executors have only a remote bearing upon the question presented herein. It was, however, decided by a surrogate of New York county as far back as 1885 in the case of *Rowland* v. *Morgan* (3 Dem. 289). In that case Surrogate ROLLINS held (1) that the market value of such securities at the time when they came into the hands of the executors should be taken as the basis for half commissions for " receiving," and (2) that the half commissions for paying out must be computed upon their value at the time of entering the decree directing their transfer to the trustees. That method of computing commissions in such cases was followed in accounting proceedings in this court for many years. In the year 1914 the revisers of the Code of Civil Procedure caused the enactment of an amendment to section 2753 (now Surr. Ct. Act, § 285), which reads: " The value of any real or personal property, to be determined in such manner as the surrogate may direct, *and the increment thereof, received, distributed* or delivered, shall be considered as money in making computation of commissions." (Italics mine.) The language of this amendment is clear and unambiguous and plainly authorizes the surrogate to allow commissions for receiving the increment, as well as for paying it out, and the commissions requested herein will, therefore, be allowed.

I hold, therefore, that in computing commissions on the securities in question the executors should be paid a full commission for both receiving and paying out on the increased value thereof at the date of this decree. Costs taxed and decree signed settling the account accordingly.