In the Matter of the Estate of ADOLF GOBEL, Deceased.

Surrogate's Court, Kings County, October 2, 1931.

*Stanley Bogart*, for the petitioner.

*Frederick A. Keck*, special guardian.

*William J. McArthur*, for United States Fidelity and Guarantee Company.

WINGATE, S.   The objections of the special guardian upon this accounting raise two questions of construction for determination.

The will of this decedent, which was admitted to probate in this court on July 10, 1924, erected four trusts, one for each of testator's children, in one-fifth shares of his residuary estate, the instrument providing that the income from such trusts up to the amount of $10,000 per annum should be paid to the children respectively. These directions further continued: " if, however, the income shall not be sufficient to entitle each child to Ten thousand ($10,000.00) Dollars per annum, then and in that event I authorize and direct my Executors and Trustees to take from the residuary estate a sum in each and every year sufficient to make up the aforesaid total, Ten thousand ($10,000.00) Dollars, to each child." The will further directed that as the several children should respectively attain the ages of twenty-five, thirty and thirty-five years, one-third of the corpus of the trusts set up for them should be paid over to them.

The first objection raises the question of whether a child who had attained the age of twenty-five years and had thereupon been paid one-third of the corpus of his trust, was still entitled to receive a total annual sum of $10,000 from the income and principal of his trust.

In no year, even prior to any principal distribution, was the income from any of the principal funds of the trusts sufficient to pay this sum.

In 1925 this will was duly construed by this court, all now interested persons being parties. This proceeding culminated in a decree dated July 16, 1925, in which the provisions here in question

were construed. The phraseology of this decree was identical respecting the proper construction of all four of these trusts, a typical excerpt, applicable to the trust for Ottilie Gobel Moore, reading in part as follows: " One of said trusts of one-fifth of the residuary estate is to be created for the benefit of Ottilie Gobel Moore and is to continue until she arrives at the age of 25 years when one-third of the principal of said trust fund shall be paid to her, the remainder of the principal of said trust fund to be held in trust until she attains the age of 30 years when another one-third of the entire trust fund or one-half of the remainder thereof is to be paid to her, and said trust is to continue further until she attains the age of 35 years when the remainder of the principal of said trust fund is to be paid to her. During the continuance of said trust the entire net income thereof shall be paid to her and so much of the principal as may be necessary to make up' an annual income of $10,000, should the income from such trust fund not be sufficient to yield such sum. Should the said Ottilie Gobel Moore die before attaining the respective ages of 25, 30 or 35 years leaving issue her surviving, the entire principal of said trust fund or so much thereof as may be remaining shall be ascertained and paid absolutely to such issue."

As a result of this determination, the question presently presented metamorphoses itself from one of construction of the will to one of interpretation of this decree, since the latter, on primary principles, renders the question here at issue *res adjudicata*. (*Matter of Leverich*, 135 Misc. 774, 777, 778; unanimously affirmed on the opinion of the surrogate, 234 App. Div. 625; *Matter of Moran*, 136 Misc. 615, 622; *Matter of Gargiulo*, 138 id. 90, 93.)

It will be noted from the foregoing excerpt from the decree that it was therein determined that the several trusts terminated on the respective beneficiaries attaining the age of thirty-five years or on their prior death, and that " during the continuance of said trust so much of the principal as may be necessary to make up an annual income of Ten thousand ($10,000.00) Dollars " should be paid to the respective beneficiaries in the event the income was not sufficient for that purpose.

It must be apparent from this language that the determination of the decree was to the effect that the respective beneficiaries were entitled to receive annual payments *from the trust* of such $10,000 amounts, irrespective of the total of corpus which might be contained in any particular trust in any given year. Obviously, the principal fund of any trust might be depleted and as a matter of fact was depleted by annual payments from principal to make up the deficiencies in the income prior to the time any beneficiary

reached the age at which a portion of the principal was distributable to him. In any event, the determination is positive and explicit that in each year, until the entire principal is distributed to any one of the beneficiaries or until his death, he is entitled to receive the sum of $10,000 from the income and principal of his trust up to the moment of its total exhaustion.

The second objection presents a related question respecting the allowance of commissions to the executor upon the annual payments to the beneficiaries. The entire income has annually been paid to the beneficiaries without any deduction of commissions to the executor and, as noted, such entire income has uniformly been insufficient to satisfy the entire annual obligations to the children, requiring the use of portions of the principal for that purpose. The question thereupon arises as to whether such commissions can now be deducted by the executrix from the principal funds of the several trusts. In view of the fact that the income in each year amounted to less than $10,000 by reason of which it became necessary to encroach upon the principal in order to make up the minimum sum, it is obvious that had the commissions been exacted annually, it would have resulted merely in a further depletion of principal.

Considerable controversy has developed between the special guardian and the executor as to whether the sums annually payable to the children are to be classed as income or annuities. In the opinion of the court, were the question of moment, it must be determined that they are payments of income plus a direction for invasion of principal. The differentiating distinction in this regard is stated with especial lucidity by the late Surrogate FOWLER in *Matter of Kohler* (96 Misc. 433, at p. 441) as follows: " The distinction between ' annuities ' and trusts for the payment of income to beneficiaries is a substantial one. Where an annuity is created the annuitant is entitled to the stipulated payments per annum, irrespective of the earnings derived from a particular corpus or fund. Where a trust fund is created, however, the beneficiaries are entitled to the entire income earned on the portion mentioned in the will. In the case of annuities, where the income is insufficient, the executors or trustees may encroach upon the principal, even in the absence of a specific direction. In the case of a real or express trust, the trustees are not permitted to pay out any portion of the principal unless the will specifically so authorizes."

It must be apparent under the terms of the instant will, however, that this question is of no moment in a determination of the rights of the executrix. The portions of the will quoted demonstrate that it was the intention of the testator that each of his children should receive the sum of $10,000 per year from the trust dedicated

to him. Ten thousand dollars less single legal commissions would be $9,700. The language employed by the testator makes it evident that he desired the actual payment of the full sum and not the payment of the amount as reduced by charges and expenses. In effect, the provisions of the will amount to the giving of a series of promissory notes to each beneficiary each in the sum of $10,000, payable one each year until death or until the particular individual attained the age of thirty-five years. Obviously, the obligation on a note for $10,000 would not be solved by a payment of $9,700, and the situation actually presented cannot be considered as differing therefrom in any essential particular.

As noted by the Appellate Division of this department in *Matter of Slocum* (60 App. Div. 438, 445), the strict rule determining that trustees who fail annually to exact or retain from income the commissions to which they are entitled (*Spencer* v. *Spencer*, 38 App. Div. 403; *Olcott* v. *Baldwin*, 190 N. Y. 99) " applies only where the income goes to one set of beneficiaries and the principal to another." Where, however, as here, the principal, at least to an extent sufficient to make up a specified sum exonerated from deductions for expenses, is dedicated to the same persons to whom the income is payable, the reason for the rule fails, and the fiduciary will not be denied commissions if not insisted upon at the time they would ordinarily be payable. (*Matter of Morris*, 134 Misc. 374, 385.)

It is, therefore, determined upon the facts here demonstrated that the executrix is entitled to a payment of the amount of her commissions from principal, and these funds still being in her hands, the strict rule requiring annual deduction of commissions from income is not applicable and the commissions are allowable from principal upon this accounting.

Both objections of the special guardian must, therefore, be disallowed and the account approved as rendered.

Proceed accordingly.