## In the Matter of the Estate of MARGARET CRONIN, Deceased.

Surrogate's Court, Kings County, May 11, 1933.

*Thomas A. McDonald,* for the respondent Edward L. P. O'Connor.

*James F. Barry,* for the petitioner.

*William J. Mahar,* special guardian.

WINGATE, S: The only question remaining for determination in this case concerns the construction of testatrix's home-made will, dated July 1, 1924. She died one week subsequent to its execution, possessed of a savings bank account of $1,169 and a two-family house worth approximately $6,500.

So far as here pertinent, the testamentary directions are plain and comprise the following directions:

1. The entire estate is given to a trustee " to receive, hold, invest and reinvest the rents profits and income for the following purposes: "

2. To pay fifty dollars monthly to John for life.

3. To pay fifty dollars monthly to Mary for life.

4. On John's death without issue, to pay an additional fifty dollars monthly to Mary for life.

5. On Mary's death, following John's, to hold the remainder for Mary's children until they become of age and pay them their *pro rata* shares, respectively, when they reach twenty-one.

Considerable controversy has arisen respecting the particular legal pigeon-hole into which these testamentary gifts to John and Mary shall be placed, and whether they shall be classified as trusts or annuities.

It is fundamental that the intention of a testator respecting the disposal of his property is to be gathered from the four corners of the will. (*Matter of Gargiulo*, 138 Misc. 90, 89; *Matter of Grauer*, 146 id. 469, 471; *Matter of Gavey*, 147 id. 332.)

When the will at bar is read as a whole, it is obvious that the testatrix was entirely oblivious of the legal distinctions between annuities and trusts with their concomitant results, and it is equally apparent that she wished the specified sums to be paid to the named beneficiaries for the indicated periods. The question of the particular legal category into which these benefits are to be placed is, therefore, wholly immaterial. (*Matter of Gobel*, 141 Misc. 503, 506.)

To construe the directions as ordinary trusts would defeat her intention, since it would result in making available less than $400 a year with which to make the directed monthly payments aggregating $1,200.

The reasonable construction, therefore, is to assume that she intended to dedicate her entire estate, both principal and income, to the making of these payments, especially since the will is silent on their source.

It follows that John was entitled to receive fifty dollars a month from principal and income from the death of testatrix to the time of his own decease; Mary was entitled to a like sum for the same period, and to $100 per month for her life from his death, unless the entire fund be previously exhausted. Any remainder will be payable to her children upon her death, since the invalid direction for withholding during their minority will be deleted. (*Matter of Terwilligar*, 135 Misc. 170, 181, 182; affd., 230 App. Div. 763; *Matter of Enright*, 139 Misc. 192, 199; *Matter of Knoll*, 146 id. 613, 614.)

Proceed accordingly.