In the Matter of the Application of ETHEL M. COLSON, Respondent, Appellant, a Person Interested in the Estate of ELIZA M. PELGRAM, Deceased, to Have Fixed and Determined, Pursuant to Section 231-A of the Surrogate's Court Act, the Compensation of Her Attorney for Services Rendered to Her and the Estate of Said Decedent.

RALPH E. STONE, as Trustee, etc., of ELIZA M. PELGRAM, Deceased, Appellant, Respondent.

First Department, June 20, 1933.

*Herbert S. Duncombe* of counsel [*Herbert S. Duncombe, Jr.,* with him on the brief; *Duncombe & Duncombe,* attorneys], for Ralph E. Stone, as trustee, etc.

*Charles L. Craig,* for the petitioner Ethel M. Colson.

*Herbert Noble,* for Charles R. Pelgram, 2d, and others.

FINCH, P. J. On April 9, 1910, Eliza M. Pelgram died, a resident of the county of New York, leaving a last will and testament which was duly admitted to probate in the Surrogate's Court of New York county. By this will the testatrix appointed as executors and trustees her brother, George H. Balleray, and her son, Charles R. Pelgram, and provided that upon the death, resignation, removal or failure to qualify of either of them, the survivor or sole qualifying or remaining trustee might name a successor to fill such vacancy. Letters testamentary were issued to Charles R. Pelgram who duly qualified as executor and trustee. George H. Balleray renounced appointment under the will, and pursuant to the powers conferred upon the other of said trustees, Caroline M. Fleming was duly appointed and qualified to act as executrix and trustee in place of said George H. Balleray. On January 11, 1926, Charles R. Pelgram died. On March 13, 1926, Caroline M. Fleming, then sole remaining testamentary trustee, named Alfred E. Ommen to fill the vacancy caused by the death of Charles R. Pelgram, and he duly qualified as such trustee. On December 2, 1927, Caroline M. Fleming died and Alfred E. Ommen continued to act as sole testamentary trustee.

On or about November 29, 1929, an application was made on behalf of certain beneficiaries of the trust created by the will to the Supreme Court in Westchester county for the appointment of a successor trustee in place of Caroline M. Fleming, deceased. Ethel M. Colson, a beneficiary of a portion of the income of the trust established by the aforesaid will, began an action in the Supreme Court, New York county, in which a judgment was sought declaring that Alfred E. Ommen, as remaining trustee, was vested with the power, and there was imposed upon him the duty, of

naming the trustee to fill the vacancy caused by the death of said Caroline M. Fleming, or else that it be determined that such power resided in the Surrogate's Court of New York county. It was further demanded that any action or proceeding for such purpose other than in the Surrogate's Court, New York county, be stayed

Plaintiff in that action was successful in obtaining a preliminary injunction (*Colson* v. *Pelgram*, 135 Misc. 833; affd., 229 App. Div. 704), and also upon the trial, the court holding that the will required two trustees and that the vacancy should be filled without delay. (N. Y. L. J. May 29, 1931, p. 1166.) Upon appeal therein by the defendants Stone and Fleming, the judgment was affirmed in the Appellate Division (235 App. Div. 137), but was reversed by the Court of Appeals upon the ground that all the questions involved in the action could have been determined in the special proceeding in Westchester county. (259 N. Y. 370.)

Ethel M. Colson, the plaintiff in the aforesaid action in New York county, then petitioned the Surrogate's Court to fix the compensation of her attorney for services rendered to the estate in said action. All persons interested in the estate have interposed answers putting in issue the alleged value of the services, and setting up by way of defense that the services rendered were not beneficial to the estate but were rendered to and for the personal benefit of the petitioner herein, and should not, therefore, be paid out of the funds of the estate. As an additional defense, it was further alleged that the petitioner had agreed not to apply for any compensation payable out of the estate for her attorney, in consideration of a like agreement on the part of certain other interested parties and also in consideration of an agreement upon the part of Ralph E. Stone, who had been appointed successor cotrustee, to waive certain of his commissions as such.

Upon the proceeding coming on for hearing, no evidence was offered by any of the contestants with respect to the issues raised by the petition and answers. The respondents urge that certain of the allegations of the petition were admitted by certain of the answers. The answer of other defendants, however, required proof of all the allegations of the petition. Apparently, therefore, there was before the court solely the preliminary issue of law as to whether the services rendered on behalf of the petitioner in the aforesaid action were such as were payable out of the estate pursuant to section 231-a of the Surrogate's Court Act.

The learned court, nevertheless, granted the petition and awarded $3,000 for the services of counsel of the petitioner in the aforesaid action and $257.48 for his disbursements. As the record stands, proof is lacking to support said award or to support a decree in

favor of the petitioner. The issues presented by the defenses are still undetermined. The application should not have been granted without adequate proof of the services and of the defenses. If, upon a hearing, it should appear that the services burdened the estate and all those interested in the estate with an unnecessary litigation which in the end brought no benefit to the estate, no allowance would be proper.

It follows that the decree should be reversed and the matter remitted to the surrogate for further hearing and determination, with costs to abide the event.

MERRELL, MARTIN and SHERMAN, JJ., concur; McAVOY, J., taking no part.

Order reversed and proceeding remitted to the surrogate for further action in accordance with opinion.