In the Matter of the Estate of HORACE ELIOT WADSWORTH, Deceased.

Surrogate's Court, New York County, December 24, 1935.

*McCanliss, Coutant & Hinch* [*Lee McCanliss* of counsel], for the petitioners.

*Root, Clark, Buckner & Ballantine* [*Loyal Leale* of counsel], for the executor.

*Harris, Beach, Folger, Bacon & Keating* [*Kenneth B. Keating* of counsel], for Dorothy P. White, as general guardian of Mary Elizabeth Wadsworth, an infant.

DELEHANTY, S. On this application under section 231-a of the Surrogate's Court Act the attorneys representing the widow of deceased seek compensation for various services rendered by them in connection with the affairs of the estate and seek to have that compensation paid out of the principal of the estate. Opposition to the application made by the general guardian of the infant daughter of deceased challenges the claim on various grounds and asserts among other things that none of the services scheduled operated to benefit the general estate of deceased.

Part of the services are claimed to have been rendered in a probate proceeding which affected the will and three codicils of deceased In those proceedings petitioning counsel were plainly representing a private client whose interest they were furthering, and while they might, prior to the decree on probate, have sought an allowance of costs under section 278 of Surrogate's Court Act there is no basis in such probate proceedings for the allowance now sought.

Petitioning counsel also assert their right to compensation in what they now term a construction proceeding initiated by them in behalf of the widow of deceased. Scrutiny of the petition and answers in that proceeding discloses that there was no question of construction of the will there involved. Nobody raised any issue as to the meaning of the will. It is true that a question was involved whether the widow of deceased was entitled to benefits under his will, but that question was one of fact and not one of legal construction. Very substantial service was rendered by counsel in connection with that proceeding, but it cannot be said within the principle in *Matter of Pelgram* (239 App. Div. 18) that such services

were for the benefit of the general estate. The services were rendered in partisan support of the individual claim of interest in the estate by the widow of deceased. Her claim of interest in the estate was attacked on the ground that she did not meet the factual requirements which by the terms of the will of deceased alone entitled her to share in his estate. The labors of counsel were directed toward establishing her individual rights and not toward any benefit of the general estate.

Claim for compensation is further made in respect of the eventual settlement which was reached in that controversy. The terms of the settlement were approved by the court in a proceeding initiated under section 19 of the Decedent Estate Law. It may be said with some justification that the settlement of controversies is for the benefit of the general estate, but here, too, the services of counsel were directed toward the confirmation of a result which had been reached in the course of efforts on their part to establish their client's rights as a participant in the estate. Nothing was brought into the estate by reason of the settlement. All that it effected was a confirmation of a treaty of peace on terms worked out in the controversy on which comment has been made hereinabove. It did benefit the estate generally in stopping expense for legal services.

Finally the claim for compensation is made on the basis of service rendered by counsel in connection with proceedings in the Surrogate's Court of Westchester county entitled in the estate of Frederick E. Wadsworth, who was the father of deceased. By the terms of the father's will deceased had the right to appoint beneficiaries to receive funds having an aggregate value in excess of $1,000,000. Deceased by his will appointed a portion of that fund directly to his executors for the purpose of meeting all necessary estate and inheritance taxes, all expenses of administration (including counsel fees) and for payment of debts and general legacies. He also appointed the remainder of the fund to the trustee under his will and directed that such fund be thenceforth held as a fund in which his widow and his daughter would share equally if the widow met the conditions which defined her right to participate. The fund was to be held for the sole benefit of the daughter if the widow failed to meet such terms.

In the proceeding before the surrogate of Westchester county there was sought a construction of the will of Frederick E. Wadsworth and of the operation thereon of the will of Horace E. Wadsworth. There was involved in that proceeding in Westchester county the question whether payments theretofore made by the trustee of Frederick E. Wadsworth to the executor of Horace E.

Wadsworth (amounting to $146,000) had been properly made. These payments had been made for the purpose of meeting the taxes and administration expenses and other charges to which reference has just been made. The genera guardian of the daughter of deceased attacked such payments as unwarranted and sought to have the trustee of Frederick E. Wadsworth surcharged with the amount of such payments. The general guardian argued that no authority existed for any payments out of the funds of Frederick E. Wadsworth into the hands of the executor of Horace E. Wadsworth and asserted that all payments out of the Frederick E. Wadsworth funds must go to the trustee appointed to receive them by Horace E. Wadsworth. The executor of Horace E. Wadsworth naturally sought to defend the receipt by it of the payments already made to it. The trust company executor is also the trustee of the estate of Frederick E. Wadsworth, and of course, sought to avoid the surcharge which was urged against it by the general guardian for the daughter of deceased. Petitioning attorneys were desirous of having the entire estate of Frederick E. Wadsworth routed into the hands of the executor of Horace E. Wadsworth and sought thereby to assure beyond cavil the performance of the settlement agreement which had been entered into in this estate between the widow of deceased on the one part and his daughter on the other.

In this state of the record it is apparent that if funds were brought into the estate of Horace E. Wadsworth they were brought in against the protests of the general guardian of the daughter of deceased, who now resists this application for compensation of petitioners. It is apparent, of course, that in a degree the petitioning attorneys and the trustee under the will of Frederick E. Wadsworth and the executor of the will of Horace E. Wadsworth were fighting a common battle, at least in respect of so much of the funds of Frederick E. Wadsworth as were necessary to pay the inheritance and estate taxes, the administration expenses, the debts and the general legacies of Horace E. Wadsworth. Beyond that point the effort to obtain payment to the executor of further funds was largely the effort of petitioning attorneys.

The court in Westchester county approved the payments already made by the trustee of the estate of Frederick E. Wadsworth to the executor of Horace E. Wadsworth, and approved further payment by the trustee of Frederick E. Wadsworth to the executor of Horace E. Wadsworth of additional sums which brought the total of such payments to over $200,000. The decree in the Westchester County Court further subjected the property of Frederick E. Wadsworth to the operation of the plan of payments to the widow of deceased in conformity to the settlement agreement. Certainly it can be

said that the services of petitioning counsel did result in bringing into the estate of Horace E. Wadsworth substantial sums of money.

It would be over-emphasizing the services of counsel, however, to appraise their value at anything like the amount sought in this application. It has already been noted that in respect of two branches of the application there is no basis for an allowance. In respect of the settlement agreement in the proceeding under section 19 of the Decedent Estate Law there is justification for a moderate allowance. In the proceeding in Westchester county there is basis for a substantial allowance, but the measure of it must be consonant with the real extent of the controversy there. There was real controversy there about how the funds derived from the Frederick E. Wadsworth estate would be subjected to the payments required by the settlement agreement. It is true that the answer of the general guardian in the Westchester county proceeding asked for the confirmation of that agreement, but her position left in doubt the actual enforcibility of the agreement. There was controversy whether the whole fund would go into the hands of the executor and through its hands into the hands of the trustee. That method of routing the property would have subjected it perhaps to double commissions and the resistance by the general guardian of the infant to the proposed transfer *in toto* to the executor operated to save expense, while the method contended for by petitioning counsel would have involved unnecessary expense. The subject of the real controversy was the extent to which payments would be made to the executor. In respect of this petitioning attorneys were successful to the degree already stated. They are entitled to be paid fair compensation for that work. It was important and it involved a large amount of money.

For their services in connection with the agreement of settlement and for the proceedings in Westchester county they are allowed the sum of $6,000 as a charge against the general estate, without prejudice to such further rights as they may have to further compensation from their own client. The court will not concern itself with the distribution of this fund. Counsel may make such distribution among themselves as they choose. The only disbursements which will be allowed are those directly connected with the two matters in respect of which fees have been allowed. All other disbursements will be disallowed.

Submit, on notice, decree accordingly.