In the Matter of the Estate of ANNIE NASH, Deceased.

Surrogate's Court, Clinton County, October 3, 1936.

*Thomas B. Cotter,* for the trustee, Plattsburg National Bank and Trust Company.

*Charles H. Signor,* for the *cestui que trust,* Stephen F. Nash.

HARRINGTON, S. Decedent's will was probated by this court on November 9, 1921, and letters testamentary were duly issued to the decedent's brother, John H. Moffitt. Mr. Moffitt acted as trustee under the trust created under paragraph fourth of decedent's will in and by which the income of the trust fund was given to the decedent's son, Stephen F. Nash, for life with the remainder to his issue if living and, if not, then to the children of decedent's brother and sister therein named. Mr. Moffitt continued to act as trustee until March 16, 1923, when by proceedings duly had in this court, Plattsburg National Bank and Trust Company, Plattsburg, N. Y., was duly appointed substitute trustee in his place and stead.

Schedule " D " of the account shows all income disbursed to the life beneficiary from the date of the appointment of the substituted trustee, as above mentioned, until January 1, 1936. Said schedule also indicates that the trustee deducted and retained full commissions on all income paid to the life beneficiary from January 1, 1927, to January 1, 1936. No commissions were so deducted or retained by the substitute trustee from the date of its appointment to January 1, 1927. The trustee in its account now seeks to be allowed $383.03 for commissions earned from 1923 to 1927 but which were not deducted annually from the net income earned on the trust fund and paid to the life beneficiary. To this the life beneficiary objects, alleging that by the failure of the trustee to deduct said commissions annually it must be deemed to have waived the same.

The trustee further claims credit for an item of $5,400, representing the difference between the inventoried value of thirty-six shares of capital stock of Plattsburg National Bank and Trust Company as of the date of decedent's death and the par value of the same number of shares of stock of said bank as of the date of this accounting. No objection has been made by the life beneficiary to the allowance of such a credit but objection is made by the life beneficiary to the allowance of commissions on the principal of said trust fund to the extent of said $5,400. In other words, the life beneficiary contends that the computation of commissions of the trustee for receiving the principal of the trust fund should be made upon such sum as represents the present value thereof rather than the inventory value thereof as of the date of decedent's death.

With respect to the first objection, the rule seems clear that where income on a trust fund is payable to one beneficiary with the remainder to another, the failure of the trustee to deduct commissions on the income annually will amount to a waiver of commissions thereon. (*Olcott* v. *Baldwin*, 190 N. Y. 99, 109; *Cook* v. *Stockwell*, 206 id. 481, 486; *Matter of Schaefer*, 178 App. Div. 117, 134; affd. on opinion below, 222 N. Y. 533; *Matter of Slocum*, 60 App. Div. 438, 445; modfd. on other grounds, 169 N. Y. 153; *Spencer* v. *Spencer*, 38 App. Div. 403, 412; *Matter of Morris*, 134 Misc. 374, 384, 385; *Matter of Blake*, 156 id. 619, 620.)

In *Matter of Haskin* (111 App. Div. 754) the trustee had made several annual payments of income to the life beneficiary without deducting his commissions thereon. At the time of his accounting, it appears that he then had on hand more than sufficient income to pay the commissions claimed to be due him. The court allowed

the trustee to deduct such commissions from the undistributed income then in his hands. In *Matter of Gobel* (141 Misc. 503, 507) the trustee was directed to pay the beneficiaries from the income of the trust fund at least $10,000 per year, and if the income was not sufficient for such purpose then to make up the balance from the principal of the trust fund. The principal of the trust fund was payable to the beneficiaries thereof as they respectively attained certain ages. The trustee paid the beneficiaries annually prior to this accounting the entire income from the trust fund without any deductions for commissions. The court awarded commissions to the trustee, stating as follows: " As noted by the Appellate Division of this department in *Matter of Slocum* (60 App. Div. 438, 445), the strict rule determining that trustees who fail annually to exact or retain from income the commissions to which they are entitled (*Spencer* v. *Spencer*, 38 App. Div. 403; *Olcott* v. *Baldwin*, 190 N. Y. 99) ' applies only where the income goes to one set of beneficiaries and the principal to another.' Where, however, as here, the principal, at least to an extent sufficient to make up a specified sum exonerated from deductions for expenses, is dedicated to the same persons to whom the income is payable, the reason for the rule fails, and the fiduciary will not be denied commissions if not insisted upon at the time they would ordinarily be payable. (*Matter of Morris*, 134 Misc. 374, 385.) "

In *Matter of Morris* (*supra*) the court awarded commissions to the guardian of an infant, although the same had not been deducted annually, upon the theory that the entire estate, both principal and income, was the absolute property of the infant and no rights of third parties being involved. All of these latter cases are clearly distinguishable from the case at bar. Nothing therein contained would seem to change the prevailing rule that the act of the trustee in failing to retain annually the commissions due it constituted a waiver of such commissions.

Is the trustee entitled upon this, its first intermediate accounting, to one-half commissions upon the inventoried value of the principal of the trust fund, or must such commissions be computed upon the inventoried value of the trust fund less the depreciated value thereof, credit for which is claimed by the trustee as above mentioned? In *Matter of Walker* (138 Misc. 879), upon the second intermediate accounting of the testamentary trustee, credit was asked for one-half commissions for receiving certain securities in exchange for securities previously held by the trustee and which had enhanced greatly in value from the time of the receipt thereof. The court refused to award commissions upon

" increment not yet realized or turned into cash or not yet distributed or delivered." The court further held that the rule applicable to the award of commissions on successive accountings was subject to the limitation that " ' all of such commissions shall not exceed what would have been the full commissions had the whole estate been settled on one final accounting.' " Commissions were allowed for receiving the increment only on such securities as were sold for cash. If commissions are not to be awarded a testamentary trustee upon his intermediate accounting for any increment on securities held in the principal of the trust fund except such as have been sold for cash, then it would seem that the converse of the rule should also be applicable and the testamentary trustee should not be penalized by depriving him of his claim to one-half commissions on the inventoried value of the principal of the trust fund by reason of the fact that some of the securities in said trust fund were at the time of the accounting of a lesser value than at the date of the establishment of the trust fund. Where there has been no judicial determination of the value of the securities in such a case, their value may be considered as being that fixed by the appraisers in the inventory filed in the estate. (*Matter of Curtiss*, 9 App. Div. 285, 293.) It would also seem that the value of the securities in a trust fund for the purpose of determining one-half commissions thereon for receiving should be determined as of the date of the receipt thereof by the trustee. (*Robertson* v. *De Brulatour*, 111 App. Div. 882, 901; affd., 188 N. Y. 301, 315, 317; *Matter of Potter*, 106 Misc. 113, 129; Surr. Ct. Act, § 285.) I am, therefore, of the opinion that the trustee in the instant case is entitled to one-half commissions for receiving the principal of the trust fund at the values fixed in the inventory filed in this estate, plus one-half commissions for any increase in securities which have been sold for cash.

Prepare decree accordingly.