In the Matter of the Judicial Settlement of the Final Account of Proceedings of ELMER E. WIGG and THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, as Executors, etc., of EUGENE M. RICHARDSON, Deceased.

LULA RICHARDSON, NETTIE RICHARDSON and ALICE RICHARDSON, Residuary Legatees, Appellants; ELMER E. WIGG and THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK, as Executors, etc., of EUGENE M. RICHARDSON, Deceased, and ELMER E. WIGG and BRENT W. BLYTHE, Copartners Practicing under the Firm Name of PRESSINGER & WIGG, Respondents.

Second Department, March 5, 1937.

*Edwin C. Mulligan*, for the appellants.

*Edward J. Hogarty* [*Brent W. Blythe* with him on the brief], for the respondents.

PER CURIAM. In a proceeding in the Surrogate's Court, Nassau county, the executors petitioned for the judicial settlement of their accounts and for an allowance to their attorneys. The petition and the decree, in so far as they refer to the attorneys' allowance, purport to be governed by section 231-a of the Surrogate's Court Act. The decree approved the executors' accounts and allowed the attorneys $50,000. The appeal is by the three principal legatees, mainly on the grounds that (1) the executors are not entitled to full commissions on the increased value of the estate; (2) the proceeding to fix the attorneys' allowance is improperly brought under section 231-a; and (3) the allowance should not be for a greater sum than $20,000, the amount already paid the attorneys.

Full commissions to executors were properly computed on the amount the corpus of the estate increased in value while under their administration. (Surr. Ct. Act, § 285; *Matter of Hawley*, 142 Misc. 396.)

In our opinion article 15 of the Surrogate's Court Act vests ample power in the surrogate to allow compensation for such legal services as are alleged to have been performed. Orderly procedure requires that the provisions of that article be followed.

As the interested parties are all before the court, however, it will not be necessary to file a new petition in order to have the matter considered under article 15.

Attorneys' allowances should not be made without adequate proof of the services performed and the value thereof (*Matter of Pelgram*, 239 App. Div. 18); and when a sharp issue is raised by verified objections, or an answer, adequate proof includes observation and cross-examination of witnesses. (*New York Life Ins. Co.* v. *Guttag Corp.*, 265 N. Y. 292.) In the case at bar, where one of the two petitioning executors is also a partner in the firm of attorneys representing the executors, the fixing of a fair allowance to the attorneys is a difficult matter unless it be based on a finding supported by proper oral proof.

The decree should be modified by striking out those parts thereof that purport to direct payment of attorneys' allowance under section 231-a of the Surrogate's Court Act, the provision fixing the attorneys' allowance at $50,000, and the direction for the payment of $30,000 in addition to that theretofore paid, and by providing that the various accounts affected be altered accordingly. As thus modified, the decree, in so far as an appeal is taken, should be affirmed, with costs to appellants, payable out of the estate, and the matter remitted to the Surrogate's Court to take proof, by way of examination under oath, and to make a determination, as to the issues raised by the verified objections concerning the nature, extent and reasonable value of the legal services rendered.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, ADEL and TAYLOR, JJ.

Decree of the Surrogate's Court of Nassau county modified by striking out those parts thereof that purport to direct payment of attorneys' allowance under section 231-a of the Surrogate's Court Act, the provision fixing the attorneys' allowance at $50,000, and the direction for the payment of $30,000 in addition to that theretofore paid, and by providing that the various accounts affected be altered accordingly. As thus modified, the decree, in so far as an appeal is taken, is unanimously affirmed, with costs to appellants, payable out of the estate, and the matter remitted to the Surrogate's Court to take proof, by way of examination under oath, and to make a determination, as to the issues raised by the verified objections concerning the nature, extent and reasonable value of the legal services rendered. Settle order on notice.