### LEWIS et al. v. BOWERS.

District Court, S. D. New York.

June 2, 1937.

Cravath, de Gersdorff, Swaine & Wood, of New York City (Joseph C. White and Thomas F. Boyle, both of New York City, of counsel), for plaintiffs.

Lamar Hardy, U. S. Atty., of New York City (Clarence W. Roberts, Asst. U. S. Atty., of New York City, of counsel), for defendant.

PATTERSON, District Judge.

The action is to recover an alleged overpayment of estate tax imposed under the Revenue Act of 1918 (40 Stat. 1057). The facts were stipulated at the trial and a jury was waived. The claim of the plaintiffs is that the Commissioner in computing the net taxable estate allowed too small a deduction for executors' commissions.

The decedent died a resident of New York on December 14, 1919. His will was admitted to probate and the plaintiffs acted as executors of his estate, which was a large one. By June, 1927, they had made distribution of the estate to the legatees and had received full and complete releases in settlement of their accounts. No formal accounting was rendered in the Surrogate's Court, and no award of executors' commissions by court decree was obtained. The executors paid to one of their number the sum of $169,477.98 as executor's commissions, the other two executors waiving commissions, and in their claim for refund they claimed that the $169,477.98 so paid was a proper deduction from the gross estate in computing estate tax. The Commissioner allowed only the sum of $64,403.69 as a deduction for executor's commissions. The difference came about in this way: The Commissioner calculated executor's commissions by taking the value of the estate at the date of death and figuring commissions at the rates then in force in New York. The commissions actually paid, however, took in these three factors: (1) Commissions were computed on appreciations in values of property at the time of distribution; (2) commissions were computed on income of the estate received by the executors in course of administration; (3) the commissions were calculated at the higher scale of commissions fixed by a law which took effect in 1923, Laws 1923, c. 649 (Surrogate's Court Act N.Y. § 285).

The Revenue Act of 1918 imposing the estate tax permitted the deduction of such amounts for administration expenses "as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered." Section 403 (a) (1), 40 Stat. 1098. The deductibility of a particular item as an expense of administering the estate is thus made to depend on the laws of the state where the estate was administered. Scott v. Commissioner, 69 F.(2d) 444, 92 A.L.R. 531 (C.C.A.8); Brown v. Commissioner, 74 F.(2d) 281 (C. C.A.10).

By the laws of New York the commissions in the amount paid to the executor in this case, save for the portion that was calculated on income of the estate, were a recognized and allowable expense of administration chargeable against the estate as a whole. An executor is entitled to commissions on increment in value of an estate. In re Richardson's Will (Matter of Wigg), 250 App.Div. 199, 293 N.Y.S. 758, decided March 5, 1937 by the Appellate Division; Matter of Hawley's Estate, 142 Misc. 396, 253 N.Y.S. 820. It is also the law in New York that executor's commissions are computed on the rates prevailing when the account is settled, even though other rates were in existence at the decedent's death. Matter of Barker, 230 N.Y. 364, 130 N.E. 579. Commissions so estimated are the compensation fixed for the work done by an executor in winding up administration. It follows that, ex-

cept for commissions paid on income, the estate was entitled to deduct the commissions paid to the executor, though calculated on an increase in value of assets and on higher rates than the rates in force at death.

It is argued by the defendant that the base on which commissions are computed as a deduction from the gross estate should not be broader than the base for measuring the tax itself. The same argument was put forward in Scott v. Commissioner, supra. There the real estate owned by the decedent was not part of the gross estate under the Revenue Act of 1924, because by local law it was not liable for administration expenses; yet commissions allowed to the executors on moneys arising from the sale of the real estate were held deductible as an administration expense. There is no distinction in principle between the Scott Case and the present case, so far as concerns the commissions taken on the increase in value of the assets held by the executors.

The defendant also points out that the commissions claimed as deductible were never allowed by the probate court. But there is no requirement in the statute that administration expenses, in order to be deductible, must first be fixed by decree of the local courts. All that is required is that they be within the limits allowed by the local law. Commissioner v. Bronson, 32 F.(2d) 112 (C.C.A.8).

What has been said had no bearing on the commissions taken for receiving and paying out income on the property during administration. By New York law commissions on income are calculated separately and are not part of the administration expenses chargeable on the corpus of the estate. They are chargeable only against income. Such commissions are a proper deduction from gross income received by the executors in paying the income tax, but they have no place as a deduction for purposes of the estate tax.

So the plaintiffs are entitled to deduct executor's commissions based on increment in value of the assets and calculated at the percentages allowed by the New York statute effective in 1923. They are not entitled to a deduction for commissions based on income received in course of administration. Appropriate findings and conclusions may be submitted, and the plaintiffs will have judgment for the indicated amount.