In the Matter of the Accounting of ELIZABETH H. ARMSTRONG et al., as Trustees under the Will of JAMES S. ARMSTRONG, Deceased.

Surrogate's Court, New York County, March 31, 1950.

*Gleaves & Crawford* for trustees, petitioners.

*Morris Weinfeld,* special guardian for Leslie Armstrong and others, infants, respondents.

COLLINS, S. In this proceeding for the settlement of the intermediate account of the trustees, question is raised concerning the propriety of the allowance of multiple commissions under subdivision 6 of section 285-a of the Surrogate's Court Act. It appears that the trust accounted for was valued at $97,351.62 as of December 16, 1935, the beginning of the accounting period. At that time only one of the trustees presently accounting was in office, the second qualifying later on July 7, 1936, at which time the trust was valued at $99,384.98. As the result of actually realized increases on sales or exchanges and the receipt of additional assets the fund increased during the course of the accounting period to a total of $106,832.16.

The statute provides: '' If the gross value of the principal of the trust accounted for amounts to one hundred thousand dollars or more and there shall be more than one trustee, each trustee is entitled to the full compensation for receiving and paying out principal and for collecting income allowed herein to a sole trustee * * *.'' (Surrogate's Ct. Act, § 285-a, subd. 6, par. [a]).

It was uniformly held under section 285 of the Surrogate's Court Act as it existed before the enactment of section 285-a of the Surrogate's Court Act by chapter 694 of the Laws of 1943, that actually realized gains could properly be employed as a basis for the computation of the commissions to which a trustee would be entitled for receiving. (*Matter of Richardson,* 250 App. Div. 199; *Matter of Hawley,* 142 Misc. 396; *Matter of Winslow,* 58 N. Y. S. 2d 7; *Matter of Mohr,* 167 Misc. 523; *Lewis v. Bowers,* 19 F. Supp. 745; *Matter of Nash,* 160 Misc. 642; *Matter of Walker,* 138 Misc. 879.)

The court holds that the present statute is identical in its meaning with former section 285 and that the allowance of multiple commissions is consequently justified by reason of the fact that the fund as augmented by the realized increases is in excess of $100,000. The schedule of commissions submitted correctly limits payment of receiving commissions to the trustee who has previously accounted to the amount computed solely upon the basis of gains made and additional assets received since the commencement of the accounting period.

Decree signed authorizing trustee to resign, appointing successor trustee and settling account as filed.