In the Matter of the Intermediate Accounting of THOMAS B. GILCHRIST et al., as Trustees under Indenture of Trust, between HELEN H. O'MALLEY, Grantor, and Said Trustees, Respondents. HELEN H. O'MALLEY, Individually and as General Guardian of CATHAL O'MALLEY and Others, Appellant; HUGH S. COYLE, as Guardian ad Litem of CATHAL O'MALLEY and Others, Infants, Respondent.— In a proceeding under article 79 of the Civil Practice Act to judicially settle the trustees' intermediate account and to fix counsel fees, the appeal is from so much of an order dated October 18, 1954, as denies a motion to dismiss the proceeding and makes an allowance of counsel fees and compensation to the guardian ad litem. Appellant also seeks to bring up for review an intermediate order dated April 23, 1954, appointing a

870

guardian ad litem for the infant remaindermen of the trust. Order dated October 18, 1954, modified by striking therefrom the fourth, fifth, seventh and eighth ordering paragraphs and by striking from the sixth ordering paragraph everything following the word "discontinued" and by substituting therefor the following: "except that it is continued for the purposes of holding a hearing on the propriety and reasonableness of the allowance to counsel and for the fixing of the allowance to the guardian ad litem." As so modified, order unanimously affirmed, without costs. The matter is remitted to the Special Term to hold such hearing and to fix the allowance to the guardian ad litem. Intermediate order dated April 23, 1954, unanimously affirmed, without costs. While we do not subscribe to the view that section 1313 of the Civil Practice Act required the court to appoint a guardian prior to the adjourned return day of the order to show cause, it was a proper exercise of discretion to do this at the time the appointment was made. (Civ. Prac. Act, § 207.) Having been duly and properly appointed, the guardian is entitled to fair and reasonable compensation for his services. (Rules Civ. Prac., rule 43.) The proceeding for the judicial settlement of the trustees' intermediate account was not commenced until the service of the order to show cause, at which time the accounts had already been nonjudicially settled and the trustees released and discharged from liability as to all the matters embraced therein. (Civ. Prac. Act, § 1308; see *Matter of Tombini*, 177 Misc. 148, affd. 262 App. Div. 956.) However, the petition sought not alone the settlement of the account but also asked that a claim for counsel fee be allowed, which could properly be done under article 79. The guardian ad litem also properly requested the court to fix reasonable compensation for his services rendered herein. The proceeding is still pending as to these matters and, accordingly, the petition should not be dismissed. Attorneys for fiduciaries are entitled to compensation for legal services reasonably necessary and proper to the administration and protection of the trust if they acted in good faith and with due regard to the best interests of the estate and were justified upon reasonable grounds in proceeding as they did. Nevertheless, questions of fact are presented as to the necessity and propriety of the services for which compensation is sought as well as on the reasonableness of the amount allowed, and a hearing should have been held on these issues. (*Matter of Richardson*, 250 App. Div. 199; *Matter of Pelgram*, 239 App. Div. 18.) The fee of the guardian ad litem should be fixed by the court after the hearing. It must be pointed out that this court does not approve the procedure adopted herein. The simple procedure for the judicial settlement of accounts and determination of other matters relating to living trusts outlined in article 79 has not been followed and the practice which has been adopted has unduly complicated the questions presented. No provision is made in the article for a motion to dismiss the petition. Provision is made for the filing of objections or an answer which may present an issue as to all or any part of the relief sought. Nevertheless, since the essential facts are before us and inasmuch as the question has not been raised, we have determined the issues presented on the merits. Present — Nolan, P. J., MacCrate, Beldock, Murphy and Ughetta, JJ. [206 Misc. 687.]