S. Samuel Di Falco, S.
In this proceeding to settle the final account of the sole surviving executor, a question has arisen as to allowance of full commissions to each executor based on an estate in excess of $100,000. The intermediate account dated August 15, 1944, shows gross assets amounting to $92,-724.91. This final account shows increases and additions to capital in the sum of $67,815.44. Examination of the decree on accounting dated August 15, 1944, shows that “ the right to claim one full commission for each executor in the event that the gross estate of the deceased should exceed the sum of $100,-000 and to have such right to additional commissions adjudicated in subsequent accounting proceedings is hereby reserved.” The court determines that the value of the gross assets of the estate accounted for is in excess of $100,000. (Matter of Fry, 30 Misc 2d 180; Matter of Richardson, 250 App. Div. 199; *446 Matter of Hawley, 142 Misc. 396; Matter of Pratt, 172 Misc. 756.) The court is requested to adjudicate the right of the deceased executor’s estate to receive additional compensation for services rendered during two intermediate accounts by the deceased executor since the gross assets of the estate now exceed $100,000.
An executor who dies before completion of his duties does not become entitled as a matter of right to commissions, but the court may, in its discretion, make an allowance to his representative, not exceeding the statutory rate of commissions. (Matter of Free, 4 Misc 2d 463; Matter of Bushe, 227 N. Y. 85; Matter of Barker, 230 N. Y. 364.) The estate of the deceased executor having been allowed compensation for the services of the deceased executor in the 1944 decree on accounting, the reservation of the right to adjudicate as to allowance of a full commission to the deceased executor is without legal effect. The court determines that the estate of the deceased executor is not entitled to further compensation. However, in view of the reservation as to commissions as it affects the surviving executor and the fact that the gross estate accounted for now is in excess of $100,000, the court determines that the surviving executor is entitled to the balance of a full commission for the period covered by this accounting (Surrogate’s Ct. Act, § 285, subd. 7). Determination of the fee and allowance for costs and disbursements of the attorneys for the executors will be held in abeyance until the submission of an affidavit of services and a bill of costs.