■ WILLIE SIMMONS et al., as Coguardians ad Litem of JAMES WILSON, et al., Respondents, v HAROLD AIKEN et al., Respondents, and DEPARTMENT OF SOCIAL SERVICES OF THE CITY OF NEW YORK et al., Appellants. — Orders, Supreme Court, Bronx County (A. J. Mercorella, J.), entered June 10, 1983 and September 29, 1983, vacating the lien of appellant New York City Health and Hospitals Corporation (NYCHH), directing a hearing with respect to the lien of the Department of Social Services (DSS), and denying appellant DSS' cross motion for discovery, are unanimously modified, without costs, on the law and the facts, and in the exercise of discretion, to the extent of reversing so much of the orders as vacates the lien of NYCHH, and this court directs a hearing as to the validity and/or amount thereof; and the orders are otherwise affirmed, without prejudice to a more limited application by appellant DSS for discovery. ¶ With respect to the claim of DSS: DSS is faced with the problem of demonstrating that some portion of the recovery from the personal injury action is fairly allocable to reimbursement of the medical and hospital expenses which DSS has had to bear. (*Baker v Sterling,* 39 NY2d 397.)

Concededly that determination is to be made by the court and is not foreclosed by the form of the settlement documents or the language used by the attorneys in the settlement stipulation, if that form and language do not truly reflect the consideration of the settlement, or are chosen merely as a means to defeat DSS' recovery. Thus, the court may properly consider whether the pleadings and bill of particulars asserted a claim for medical expenses, whether the settlement reserved or released such claims, and perhaps what role the fact and size of the medical expenses played in the settlement. ¶ As DSS was not a party to the settlement and the discussions incident thereto, it is entitled to reasonable discovery to enable it to prepare for a hearing on the issue. However, apart from discovery of documentation, examination of the attorneys appears unlikely to yield very much. Limited discovery, perhaps including examination of some attorneys, would be appropriate. But the present request is much too broad. The notice of cross motion seeks "the right to proceed with discovery against parties who entered into the settlement of this action and the insurance carriers which provided funds for the settlement on the issue of whether any part of the lien of the Department of Social Services should be vacated under the standards of *Baker* v. *Sterling*". There is no specification of the type of "discovery" sought — deposition, interrogatories, discovery and inspection, etc. — nor is there any limitation of the parties to be examined, not even excluding the infant plaintiff, or the parties defendant themselves who probably have no useful knowledge on the issue. The supporting affidavit merely broadens the request to include "the parties to this action, their attorneys who negotiated the settlement, and the non-party insurance companies which are contributing to the settlement fund." As phrased, the request is so broad as perhaps to be unduly burdensome. ¶ With respect to the lien of NYCHH: We note first that this is not a duplication of the claim made by DSS. (a) It is contended that it is a prerequisite of NYCHH's right to pursue a direct claim against the proceeds of the personal injury action by an infant that NYCHH shall first have attempted to obtain reimbursement for its claim from DSS, as the injured infant was a recipient of public assistance. (See, e.g., *Baker v Sterling,* 39 NY2d, at p 415 [concurring opn of Fuchsberg, J.]; *Matter of Caraballo v Santiago,* 103 Misc 2d 156; *Mount Sinai Hosp. v Brinn,* 73 Misc 2d 1; *Knickerbocker Hosp. v Downing,* 65 Misc 2d 278.) It is the contention of DSS that the infant was not covered by Medicaid with respect to NYCHH's separate lien for the infant's care and treatment, because in the absence of the infant's mother and her cooperation, the information required for recertification of the infant's eligibility would not be available. ¶ Without necessarily deciding that issue now, we are not satisfied that NYCHH was necessarily so lacking in diligence in pursuing its claim against DSS that it should be barred from pursuing a direct claim against the proceeds of the personal injury action, and we think the interest of justice requires a full exploration of the facts relevant to the validity of NYCHH's lien. ¶ (b) Indeed, even if NYCHH was lacking in diligence in presenting its claim against DSS, and that if it had been so diligent, it would have been reimbursed by DSS, that would not be the end of the matter. For whatever may be the usual practice for a hospital to follow in seeking to recover compensation for its services to an injured infant out of the proceeds of the settlement of a personal injury action (see, e.g., *Baker v Sterling,* 39 NY2d, at p 415; *Matter of Caraballo v Santiago,* 103 Misc 2d 156, *supra*; *Mount Sinai Hosp. v Brinn,* 73 Misc 2d 1, *supra*; *Knickerbocker Hosp. v Downing,* 65 Misc 2d 278, *supra*), it can make no difference to the injured party whether the hospital chooses to enforce its claim directly against the fund recovered in the personal injury action pursuant to its direct lien under section 189 of the Lien Law or obtains reimbursement from DSS, which then in turn is entitled to reimbursement out of such proceeds, if the measure of recovery was

the same in either case. Of course the measure of recovery is not the same. The hospital's direct lien under section 189 of the Lien Law would be for the entire reasonable value of its services; while DSS' recovery would be limited to *so much* of the settlement proceeds as represents reimbursement for medical and hospital expenses. But to the extent, if any, that the settlement proceeds do represent such reimbursement for NYCHH's hospital expenses, we can see no reason why NYCHH should not have the benefit of that reimbursement. For that amount does not equitably belong to the infant plaintiff; it equitably belongs to NYCHH. At a minimum, NYCHH, having incurred an expense for which DSS should have reimbursed it, should be subrogated to the claim DSS would have had had DSS reimbursed NYCHH. ¶ Hearing in chambers or open court: Finally we do not assume from the fact that the court directed that the hearing be in chambers that the parties will not have just as fair an opportunity to present their factual and legal contentions and preserve their right to a record and appeal as if the hearing were held in the courtroom; and indeed, respondents have stated that it is immaterial to them — as it must be — whether the hearing is held in chambers or in the courtroom. Concur — Sandler, J. P., Sullivan, Asch, Silverman and Kassal, JJ.