■ In the Matter of RUTH GOTTLIEB, Conservatee. ROSALY Z. GREENBERGER et al., as Coconservators of RUTH GOTTLIEB, Conservatee, Appellants.—In a proceeding pursuant to Mental Hygiene Law article 77 to settle the accounts of two coconservators, the coconservators appeal from so much of an order of the Supreme Court, Westchester County (Cerrato, J.), dated May 16, 1985, as denied the allowance of commissions in the sum of $18,105.12, representing commissions on assets received and marshaled by the coconservators.

Order modified, on the law and the facts, (1) by deleting from the first decretal paragraph thereof all matter following the words "summary statement thereof" and substituting therefor the following table:

"SUMMARY STATEMENT
"6/12/80—8/23/84

| | | |
|---|---|---|
| "Principal received | $277,877.31 | |
| "Increases to principal | 5,852.95 | |
| "Income received | 193,536.95 | $477,267.21 |
| "Disbursements | | 189,341.14 |
| "Decreases from principal | | 7,097.07 |
| "Charged to coconservators | | 280,829.00 |
| "Cash and Property on Hand | | $280,829.00"; |

and (2) by deleting from the second decretal paragraph thereof all matter following the words "the sum of" and substituting therefor a provision allowing each coconservator the sum of $18,211.56 as commissions on all sums of money received and paid out, less commissions previously taken by each coconservator in the amount of $7,127.84, for total commissions due and owing to each conservator of $11,083.72. As so modified, order affirmed, insofar as appealed from, without costs or disbursements.

The appellants are entitled to commissions on all assets received and marshaled by them during the period of the conservatorship (see, SCPA 2307 [2]; Beard v Beard, 140 NY 260; Matter of James, 261 App Div 480). It was, therefore, error for Special Term to allow commissions only on sums paid out. The commissions due are to be calculated by reference to the rules in effect at the time of judicial settlement of the account, notwithstanding the fact that the conservatorship began prior to the effective date of the amendment to SCPA 2307 (see, Matter of Belden, 230 NY 364).

The appellants' computation of the commissions due them was erroneous due to mathematical errors and the failure of the appellants to treat increases in the value of principal as sums of money received (see, Matter of Richardson, 250 App Div 199). We have therefore corrected the commission computations. Receiving commissions due to each conservator are determined to be $9,159.01 based upon total receipts of $477,267.21, consisting of assets received of $277,877.31, increases to assets due to stock sales of $5,852.95, and income received during the conservatorship of $193,536.95. Paying commissions due to each conservator are determined to be $9,052.55, based on a total paid out of $470,170.14, consisting of disbursements totaling $189,341.14 and assets paid to the executors of the conservatee's estate upon her death of $280,829. Each conservator was therefore entitled to total commissions of $18,211.56. The schedules submitted by the conservators showed that each conservator previously took commissions amounting to $7,127.84. Each conservator is therefore due a balance of $11,083.72. Gibbons, J. P., Thompson, Niehoff and Kunzeman, JJ., concur.