■ In the Matter of MARION B., an Incapacitated Person, Now Deceased. MARGARET ANN BOMBA, Appellant, v PUBLIC ADMINISTRATOR OF NEW YORK COUNTY, Respondent. [783 NYS2d 327]—

Order, Supreme Court, New York County (William P. McCooe, J.), entered April 4, 2003, which, to the extent appealed from as limited by the briefs, confirmed a Special Referee's denial of additional legal fees for the guardian over and above that already awarded by the court, and disaffirmed the Special Referee's award of commissions in excess of that already awarded by the court, unanimously affirmed, without costs.

Appellant has not noticed an appeal from the order judicially settling final account, entered on October 18, 2002, which fixed the amount of commissions owed to her at $1,629.35. Accordingly, the question of commissions is not properly before this Court. Rather than pursuing her claim with the Accounting Department that the commissions were erroneously calculated, or by taking an appeal from the final judicial settlement order, appellant presented her claim for commissions to the Special Referee, who was not authorized by the court to hear and report on that issue. As such, the Special Referee's recommendation that appellant should receive $12,549.28 in commissions is void and was properly disaffirmed as a finding made outside the scope of the Referee's authority.

Even were we to consider appellant's argument with respect to commissions, we would find it without merit. The 1995 order of appointment noted that the guardian's compensation was to be fixed in accordance with section 2307 of the Surrogate's Court Procedure Act, which sets forth a percentage scale that declines as the size of the estate increases. In the annual accounts filed for the years 1995 through 1999, upon which she had already been awarded commissions, appellant erred in improperly applying the initial section 2307 commission rate of 5% each year regardless of the commission base from prior years. Upon submission of the final account, wherein appellant sought an additional $12,549.28 in commissions, the entire matter was reviewed, the fact of her overpayment in prior years was revealed, and the error was corrected by the court's adjustment of the amount then claimed (*see Matter of Gottlieb*, 117 AD2d 668 [1986]).

The court did not exercise its discretion improvidently in declining to fix a reasonable legal fee for services allegedly rendered for the period January 2000 through July 2002, during which appellant was acting in the dual capacity of guardian and attorney for the now deceased. In a prior order, appellant was awarded $20,314 for legal services rendered, including handling the matter of the restitution of certain German real property. In her affidavit in support of a request for additional legal fees, appellant failed to meet the threshold burden of establishing that the services she performed were actually legal in nature rather than administrative (*see Matter of Passuello*, 184 AD2d 108 [1992]). Since the services set forth in appellant's affidavit were related to her capacity as guardian rather than legal counselor, she was not entitled to any additional compensation. Concur—Tom, J.P., Williams, Friedman, Marlow and Sweeny, JJ.