■ ARNOLD JOSEPH MARS, Appellant, v ANDREA R. MARS, Defendant. HAROLD A. MAYERSON, ESQ., Nonparty Respondent. [797 NYS2d 49]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered August 25, 2003, which, in an action for divorce, denied plaintiff husband's motion seeking to compel disclosure in connection with a hearing on the reasonableness of the Law Guardian's fees, and to permit plaintiff to raise legal malpractice and breach of fiduciary duty as affirmative defenses at such hearing, and granted the Law Guardian's cross motion for 22 NYCRR subpart 130-1 sanctions, unanimously modified, on the law and the facts, to deny the cross motion for sanctions and to allow plaintiff to raise the issue of legal malpractice as an affirmative defense, and otherwise affirmed, without costs.

Plaintiff's second motion was not frivolous insofar as it sought reargument and renewal, if only because the motion court, at oral argument, ordered production of most of the materials that plaintiff sought on the original motion. Nor was the motion frivolous insofar as it sought permission to assert legal malpractice against the Law Guardian. Plaintiff's original motion to compel disclosure was initiated by order to show cause that the motion court refused to sign in a decision explaining, inter alia, that disclosure of a court-ordered forensic report was unwarranted because plaintiff's impermissible purpose was to show that the Law Guardian was not properly discharging his duties (citing, inter alia, *Bluntt v O'Connor*, 291 AD2d 106 [4th Dept 2002], *lv denied* 98 NY2d 605 [2002] [parent in visitation dispute lacks standing to bring legal malpractice claim against child's court-appointed Law Guardian on child's behalf and also on own behalf absent collusion or other special circumstances]). Sanctions were imposed because plaintiff's second motion, in the view of the motion court, was a frivolous rehashing of the same claims he made on the first motion. However, on the first motion, plaintiff sought only disclosure, not leave to assert particular defenses to the Law Guardian's fee application, and his follow-up motion was a nonfrivolous attempt to clarify, on a fully-argued record, exactly what he could assert in opposition to the Law Guardian's fee application.

Because the court directed plaintiff to pay the Law Guardian's fees and the children were old enough to articulate their wishes, plaintiff has standing to assert legal malpractice as an affirmative defense to the fee application to the extent of challenging that portion of the fees attributable to advocacy, as opposed to guardianship (*cf. Bluntt*, 291 AD2d at 115). In addition, the Second Department has expressly held that "if a parent who has been directed to pay a fee contests a law guardian's claims

relative to the time expended and the reasonable value of the services provided, he or she should be afforded a hearing on this issue" (*Matter of Plovnick v Klinger*, 10 AD3d 84, 91 [2004]). If, as plaintiff alleges, the Law Guardian's invoices reflect work never done, he must also be afforded the opportunity to challenge the reasonableness of the Law Guardian's fee at the fee hearing. Concur—Mazzarelli, J.P., Williams, Gonzalez, Sweeny and Catterson, JJ.