In the Matter of PEARL SWINGEARN. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; RICHARD L. FARLEY et al., Respondents. [873 NYS2d 165]—

In a guardianship proceeding pursuant to Mental Hygiene Law article 81, in which Richard L. Farley, guardian of the person and property of Pearl Swingearn, petitioned to settle the final account, the Nassau County Department of Social Services appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Marano, J.), dated March 6, 2007, as (a) granted the guardian's motion, in effect, for leave to renew and reargue his prior motion to settle his final account, which was determined in an order dated November 3, 2006 approving the guardian's fee and, upon renewal and reargument, awarded the guardian additional compensation, and (b) granted the cross motion of Highfield Gardens Care Center of Great Neck for leave to renew and reargue its prior cross application to declare the priority of its claim for reimbursement

for unpaid medical assistance over that of the Nassau County Department of Social Services, which had been denied in the order dated November 3, 2006, and, upon renewal and reargument, granted the cross application.

Ordered that the order dated March 6, 2007 is modified, on the law and the facts, by deleting the provision thereof, upon renewal and reargument, granting the cross application of Highland Gardens Care Center of Great Neck to declare the priority of its claim, and substituting therefor a provision, upon renewal and reargument, adhering to so much of the order dated November 3, 2006 as denied the cross application and determined that the claim of the Nassau County Department of Social Services has priority over the claim of Highfield Gardens Care Center of Great Neck; as so modified, the order dated March 6, 2007 is affirmed insofar as appealed from, without costs or disbursements.

A motion for leave to renew and reargue is addressed to the sound discretion of the Supreme Court (*see Mi Ja Lee v Glicksman*, 14 AD3d 669 [2005]; *Daniel Perla Assoc. v Ginsberg*, 256 AD2d 303 [1998]; *Loland v City of New York*, 212 AD2d 674 [1995]). The Supreme Court did not improvidently exercise its discretion in granting the motion of Richard L. Farley, guardian of the person and property of Pearl Swingearn, denominated as one to resettle the final account but which was one, in effect, for leave to renew and reargue his prior motion to settle his final account, and the cross motion of Highfield Gardens Care Center of Great Neck (hereinafter the Nursing Home) for leave to renew and reargue its prior cross application to declare the priority of its claim over that of the Nassau County Department of Social Services (hereinafter DSS).

The Supreme Court did not improvidently exercise its discretion in awarding the guardian additional compensation for legal services rendered (*cf. Matter of Marion B.*, 11 AD3d 222 [2004]).

However, the Supreme Court should have adhered to its original determination that the claim by DSS for medical assistance incorrectly paid has priority over the Nursing Home's claim for expenses incurred in the incapacitated person's care. Pursuant to Social Services Law § 104 (1), a "public welfare official," under whose authority public assistance has been provided to an individual who is later discovered to have property, is "deemed a preferred creditor" of the individual to whom such assistance has been provided and may "bring action or proceeding" against such individual on the theory that the assistance was furnished under "an implied contract" (Social Services Law § 104 [1]; *see Hoke v Ortiz*, 83 NY2d 323 [1994], *cert denied* 513

US 865 [1994]). This statute was enacted in order to provide public welfare entities such as DSS with a preference over the "general creditors" of a recipient of public assistance (*see* 1964 NY Legis Ann, at 322; *Matter of Warren*, 53 NY2d 118, 122 [1981]). The right of DSS to recover payment of Medicaid benefits is conferred by statute (*see* Social Services Law §§ 104, 106-b), and "the statutory scheme contemplates that, when needed, benefits such as those paid for [the incapacitated person's] residential nursing care are to be provided as speedily as possible, with further investigation and possible liability for reimbursement determined later on" (*Delaware County Dept. of Social Servs. v Pontonero*, 31 AD3d 999, 1000 [2006]; *see Oxenhorn v Fleet Trust Co.*, 94 NY2d 110, 116-117 [1999]).

Contrary to the Nursing Home's contention, DSS is not required to bring a separate action or proceeding to recoup Medicaid benefits (*see* Social Services Law §§ 104, 106-b). It was sufficient to preserve its claim by asserting it in this guardianship proceeding notwithstanding the incapacitated person's subsequent death (*see e.g. Matter of Warren*, 53 NY2d 118 [1981]). Moreover, no formal determination or fair hearing is required before DSS may seek to recoup what it deems to be incorrectly paid medical assistance under Social Services Law § 104 (*see Matter of Gonzalez*, 154 Misc 2d 633, 635 [1992]).

Since DSS became a preferred creditor upon asserting its claim in this proceeding, it was error to afford priority to the Nursing Home's claim. The Nursing Home, which has not reduced its claim to judgment (*cf. Matter of Pierce*, 106 AD2d 892 [1984]), is merely a general creditor over which DSS has priority (*see Matter of Snell*, 194 Misc 2d 695 [2003]; Social Services Law § 104 [1]). Fisher, J.P., Dillon, Miller and Eng, JJ., concur.