Order, Supreme Court, New York County (John E.H. Stack-house, J.), entered December, 22, 2008, which, in a proceeding to approve a guardian’s final accounting relating to the person and property of a deceased incapacitated person, upon reargument, (1) dismissed the four outstanding objections to the guardian’s accounting made by the incapacitated person’s two adult children, Valerie Brotman and Christopher Brotman, (2) “declare[d] that any and all of [the guardian’s] decisions, conduct and actions during the Guardianship were appropriate,” including, in particular, her decision that any and all money and property received by either Ms. Brotman or Mr. Brotman from the incapacitated person were gifts, (3) dismissed a separate action brought by Ms. Brotman against Mr. Brotman seeking to recover monies that Mr. Brotman had taken from the incapacitated person allegedly without her consent, (4) denied a motion by Ms. Brotman for sanctions against Mr. Brotman’s attorneys, and (5) removed both actions to the New York County Surrogate’s Court for resolution of any remaining issues concerning the incapacitated person’s estate, unanimously modified, on the law, to vacate the dismissal of the objections and any related declarations or findings as well as the dismissal of Ms. Brotman’s separate action against Mr. Brotman, both the objections and separate action reinstated, and otherwise affirmed, without costs. Appeal from the order of April 9, 2008 unanimously dismissed as superseded by the appeal from the order of December 22, 2008.
The motion court’s findings of fact broadly approving the guardian’s performance were improperly made without notice that the court was converting a prehearing, CPLR 3211 motion to dismiss one of four outstanding objections—namely, Ms. Brotman’s objection that the guardian failed to investigate allegedly unauthorized withdrawals made by Mr. Brotman from the incapacitated person’s brokerage account—to a motion for summary judgment dismissing all four objections (see Rovello v Orofino Realty Co., 40 NY2d 633, 635 [1976]). The court’s findings of fact also improperly overruled the order of a prior justice who, after hearing many of the same arguments from the guardian, directed a hearing on four objections (see People v Evans, 94 NY2d 499, 503 [2000]). The guardian’s general prayer for relief did not authorize the dismissal of the other three objections, which were not related to the first objection and where *494 Ms. Brotman was prejudiced by being denied an opportunity to adjudicate these other objections (compare MCE Assoc. v 3000 Watermill Lane Realty Corp., 173 AD2d 774 [1991]; Lubov v Berman, 260 AD2d 236 [1999]). As a representative of the estate that must pay the guardian’s commissions and fees, Ms. Brotman is entitled to challenge the reasonableness of those commissions and fees and the guardian’s actions (cf. Mars v Mars, 19 AD3d 195 [2005], lv dismissed 6 NY3d 821 [2006]). Ms. Brotman’s separate action against Mr. Brotman was improperly dismissed upon an incorrect finding that the documentary evidence established that the challenged transfers were gifts. In the interest of judicial economy, we remove all further proceedings in both actions, including the hearing on the four objections, to the Surrogate’s Court (CPLR 325 [e]). Concur—Saxe, J.P., Nardelli, Buckley, Acosta and Freedman, JJ.