■ In the Matter of LESTER HOMAN, Appellant, v COUNTY OF CATTARAUGUS DEPARTMENT OF SOCIAL SERVICES, Respondent. [905 NYS2d 387]—

Appeal from an order of the Supreme Court, Cattaraugus County (Larry M. Himelein, A.J.), entered September 22, 2009. The order, among other things, denied petitioner's motion seeking a determination that respondent does not have a valid Medicaid lien against settlement proceeds received by petitioner.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied petitioner's motion seeking a determination that respondent, County of Cattaraugus Department of Social Services (DSS), does not have a valid Medicaid lien against the proceeds received by petitioner as supplemental uninsured/underinsured motorist (SUM) coverage under his mother's insurance policy (*Homan v County of Cattaraugus Dept. of Social Servs.*, 24 Misc 3d 1243[A], 2009 NY Slip Op 51854[U] [2009]). It is undisputed that petitioner sustained severe and permanent injuries while operating his mother's motor vehicle when a vehicle operated by an uninsured driver struck the vehicle operated by petitioner. It also is undisputed that the only recovery received by petitioner to date has been from his mother's SUM coverage, for the $25,000 policy limit. Petitioner contends that, because the settlement with his mother's insurer was for pain and suffering only, DSS is not entitled to assert a lien for medical expenses against the proceeds. In addition, he contends that, pursuant to the decision of the Supreme Court in *Arkansas Dept. of Health & Human Servs. v Ahlborn* (547 US 268 [2006]), DSS has only a right of subrogation against the tortfeasor, not a right to a lien against the settlement proceeds. We reject both of petitioner's contentions.

Even before the Supreme Court issued its decision in *Ahlborn*, it was settled in New York that "a Medicaid lien may not be effectively nullified by the mere expedient of the plaintiff['s] attorney announcing that the settlement relates to pain and suffering only" (*Carpenter v Saltone Corp.*, 276 AD2d 202, 211 [2000]; *see Simmons v Aiken*, 100 AD2d 769, 769-770 [1984]). The Supreme Court subsequently held in *Ahlborn* that federal law prohibits a Medicaid lien from being paid in its entirety from settlement proceeds before any other payments are made in the event that only a portion thereof may fairly be allocated to medical expenses. We conclude that the decision in *Ahlborn* does not permit a plaintiff to avoid a Medicaid lien altogether by settling with the tortfeasor for pain and suffering only. Also contrary to petitioner's contention, *Ahlborn* does not limit DSS to a right of subrogation rather than a lien inasmuch as, in *Ahlborn*, the DSS lien was in fact enforced by the Court, albeit not to the extent sought by DSS. We thus conclude that the court herein, pursuant to *Ahlborn*, properly concluded that a hearing is required to determine the total value of plaintiff's loss, from which the proportionate share of DSS of the settlement proceeds may then be calculated (*see Harris v City of New York*, 16 Misc 3d 674 [2007]).

Finally, petitioner's remaining contention is raised for the first time on appeal and thus is not properly before us (*see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [1994]). Present—Centra, J.P., Peradotto, Lindley, Sconiers and Gorski, JJ. **[Prior Case History: 24 Misc 3d 1243(A), 2009 NY Slip Op 51854(U).]**