In the Matter of FRANK C. GERALD HYMAN, Nonparty Appellant. [958 NYS2d 164]—

In a guardianship proceeding pursuant to Mental Hygiene Law article 81, in which Gerald Hyman, the guardian of the person and property of Frank C., moved to settle his final account, Gerald Hyman appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Queens County (Cullen, J.), entered April 26, 2011, as, upon judicially settling his final account, failed to award him fees for accounting services and extraordinary services, and (2) so much of an order of

the same court entered October 28, 2011, as, in effect, upon reargument, awarded him fees for services rendered to the guardianship estate for regular property management services, accounting services, and extraordinary services in the total sum of only $20,125.

Ordered that the appeal from the order entered April 26, 2011, is dismissed, without costs or disbursements, as that order was superseded and rendered academic by so much of the order entered October 28, 2011, as was, in effect, made upon reargument; and it is further,

Ordered that the order entered October 28, 2011, is modified, on the facts and in the exercise of discretion, by increasing the award for services rendered by the appellant to the guardianship estate for regular property management services, accounting services, and extraordinary services from the total sum of $20,125 to the total sum of $35,826.45; as so modified, the order entered October 28, 2011, is affirmed insofar as appealed from, without costs or disbursements.

A court is authorized to award "reasonable compensation" to a guardian of the person or property of an incapacitated person for services rendered in caring for the personal needs and managing the property of the incapacitated person (Mental Hygiene Law § 81.28 [a]; *see Matter of Eggleston [Jennifer D.]*, 88 AD3d 706, 706 [2011]), and it is within the court's discretion what, if any, compensation is due such a fiduciary (*see Matter of Joshua H. [Grace N.]*, 80 AD3d 698, 699 [2011]). In addition to awarding a commission for services rendered as guardian of the person or property, reasonable compensation may be awarded in an appropriate case for extraordinary services rendered (*see Matter of Reitano*, 89 AD3d 535 [2011]; *Matter of Farber*, 291 AD2d 282, 282-283 [2002]), and for services rendered by an accountant (*see Matter of Ellman*, 7 AD3d 423, 424 [2004]). Where the guardian acted in a dual capacity, it is the guardian's burden, in seeking fees for additional services, to demonstrate that those services were not performed in his or her capacity as guardian (*see Matter of Reitano v Department of Social Servs.*, 90 AD3d 934 [2011]; *Matter of Marion B.*, 11 AD3d 222, 223 [2004]).

Here, in an order entered April 26, 2011, the Supreme Court awarded the appellant a commission in the sum of $35,826.45 as "fair and reasonable compensation" for services he performed as guardian in connection with the management of the property of an incapacitated person. The appellant, in effect, moved for reargument on the limited ground that the Supreme Court had overlooked his request to receive compensation for services he rendered in addition to his services as property management

guardian, namely, for extraordinary services and services rendered as a court-appointed accountant. In the order made, in effect, upon reargument, and entered October 28, 2011, the Supreme Court awarded the appellant the total sum of $20,125 for regular property management services, accounting services, and extraordinary services, a sum that was $15,701.45 less than the original total award.

Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in reducing the commission originally awarded to the appellant for regular property management services, as there was no motion before the court to reconsider that determination. The appellant, in making additional submissions, in effect, upon reargument, met his burden of establishing that he satisfactorily performed extraordinary services and services as a court-appointed accountant in addition to regular property management services. The appellant's additional submissions clarified, however, that the original total award of $35,826.45 was based upon the Supreme Court's consideration of the combined hours he worked and the total services he rendered in connection with all three categories. Thus, contrary to the appellant's contention, he is not entitled to the original award plus the awards made in the second order for extraordinary services and accounting services, as this would result in a double award. However, in the order entered October 28, 2011, the Supreme Court improvidently reduced the overall award by the sum of $15,701.45. Nothing in the record indicates a change in circumstances occurring between the dates when the two orders were entered that would undermine the Supreme Court's initial determination that the overall commission of $35,826.45 was "fair and reasonable," or that the appellant's additional submissions merely clarified the apportionment of the hours that he worked in connection with each of the three categories of award.

Accordingly, upon granting the appellant's motion, in effect, for leave to reargue his motion to settle his account, the Supreme Court should have awarded the appellant the total sum of $35,826.45, representing his fees for services in all three categories. Angiolillo, J.P., Austin, Sgroi and Miller, JJ., concur.