■ In the Matter of MELVILLE L. FERGANG REVOCABLE TRUST. CHARLES SCOTT et al., Respondents, v ALLEN S. FERGANG et al., Appellants. [32 NYS3d 486]—

Amended judgment, Supreme Court, New York County (Kathryn Freed, J.), entered December 10, 2015, insofar as appealed from, awarding Charles Scott legal fees of $211,435 and reimbursement for expenses in the amount of $1,106.23, unanimously reversed, on the law, without costs, and the matter remanded for an explanation of the reasonableness of the fees awarded and reconsideration if warranted.

As petitioners concede, 22 NYCRR 36.4 does not apply to Scott because he was a guardian ad litem nominated by an infant over 14 years of age (*see* 22 NYCRR 36.1 [b] [ii]). However, the common law still applies to Scott. Therefore, the court should have explained "the reasonableness of the fees"

awarded (*Matter of Jewish Assn. for Servs. for Aged Community Guardian Program v Kramer*, 60 AD3d 531, 531 [1st Dept 2009]). Such an explanation is particularly necessary in light of the issues raised by petitioners, for example, the fact that Scott, who acted as a general contractor in Nassau County, was not licensed as such (*see ENKO Constr. Corp. v Aronshtein*, 89 AD3d 676 [2d Dept 2011] [unlicensed contractor not entitled to recover]), and the principle that "the dollar value for nonlegal work performed by an attorney who is appointed a guardian ad litem . . . should not be enhanced just because an attorney does it" (*Alias v Olahannan*, 15 AD3d 424, 425 [2d Dept 2005] [internal quotation marks omitted]; *see also Matter of Marion B.*, 11 AD3d 222 [1st Dept 2004]). Scott contends that he was authorized to act as general contractor by the judicial hearing officer who was overseeing settlement efforts in this matter. However, petitioners contend that settlement talks were confidential; they also dispute Scott's version of the settlement talks.

If the court feels that it cannot decide the reasonableness of Scott's fees without a hearing, it may, of course, order one (*see e.g. Mars v Mars*, 19 AD3d 195, 196-197 [1st Dept 2005], *lv dismissed* 6 NY3d 821 [2006]).

We note that, on appeal, Scott failed to dispute petitioners' argument that he is not entitled to reimbursement for expenses such as photocopying (*see Matter of Graham*, 238 AD2d 682, 687 [3d Dept 1997]). Concur—Friedman, J.P., Sweeny, Webber and Gesmer, JJ.