MAAD Constr., Inc. v Cavallino Risk Mgt., Inc. (2019 NY Slip Op 08843)





MAAD Constr., Inc. v Cavallino Risk Mgt., Inc.


2019 NY Slip Op 08843


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON, JJ.


2017-11634
 (Index No. 602276/15)

[*1]MAAD Construction, Inc., appellant, 
v
Cavallino Risk Management, Inc., respondent, et al., defendants.


Boies Schiller Flexner LLP, Albany, NY (George F. Carpinello and Teresa A. Monroe of counsel), for appellant.
Clausen Miller P.C., New York, NY (Don Ray Sampen, pro hac vice, and John P. De Filippis of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of an insurance contract and negligence, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bruce Cozzens, Jr., J.), entered September 20, 2017. The order, insofar as appealed from, granted the motion of the defendant Cavallino Risk Management, Inc., for leave to reargue its prior motion for summary judgment dismissing the complaint insofar as asserted against it, which had been denied in an order of the same court entered October 11, 2016, and, upon reargument, in effect, vacated the order entered October 11, 2016, and thereupon granted that defendant's prior motion.
ORDERED that the order entered September 20, 2017, is affirmed insofar as appealed from, with costs.
Cavallino Risk Management, Inc. (hereinafter Cavallino), is a licensed insurance broker. In March 2011, the plaintiff corporation requested that Cavallino procure insurance for the plaintiff's trucking and hauling business and all related equipment. On March 31, 2011, Cavallino, through an intermediate insurance broker—the defendant Marketscout Wholesale, Inc.—procured three insurance policies for the plaintiff: (1) an auto liability policy underwritten by National Union Fire Insurance Company (hereinafter National Union), (2) a general liability policy also underwritten by National Union, and (3) an inland marine physical damage comprehensive policy underwritten by the defendant Allianz Global Corporate Specialty Insurance Company, USA (hereinafter AGCS). The AGCS policy, which provided coverage for the plaintiff's equipment, had a termination date of January 18, 2013. The plaintiff obtained financing from First Insurance Company of New York (hereinafter First Insurance) to purchase the policies, making a down payment to Cavallino and thereafter making installment payments toward the balance directly to First Insurance.
On October 1, 2011, the plaintiff purchased a 2012 Mack tractor and requested that it be added as an insured item under the AGCS policy. The 2012 Mack tractor was added to the AGCS policy as requested by the plaintiff at an increased premium of $1,485. The plaintiff failed to pay the additional premium. AGCS sent a notice of cancellation to the plaintiff on December 19, 2011, for nonpayment of the premium. The plaintiff claims that it did not receive the notice of cancellation issued by AGCS, and was not informed by the insurance brokers, including Cavallino, of the cancellation. The plaintiff asserts that it learned of the cancellation for the first time in [*2]October 2012, upon submitting a claim after Hurricane Sandy for damage to its fleet.
The plaintiff commenced the instant action against Cavallino and AGCS, among others. The plaintiff alleged that it entered into a "professional agency relationship" with Cavallino and that, as part of that relationship, Cavallino was obligated to provide the plaintiff with notice of cancellation of the AGCS policy, which it failed to do. Specifically, the plaintiff alleged that, in July 2012, it notified Cavallino that one of its tractor trailers had overturned, and instead of advising the plaintiff that the AGCS policy had been cancelled in January 2012, Cavallino acted as if the policy was still in effect by sending the plaintiff an automobile loss claim form. The claim form, however, listed the insurer as "National Union Fire Ins. Co. of PA," and bore a policy number different from that of the AGCS policy.
AGCS successfully moved for summary judgment dismissing the complaint insofar as asserted against it, with the Supreme Court finding that AGCS gave the plaintiff proper notice of cancellation. Cavallino thereafter moved for summary judgment dismissing the complaint insofar as asserted against it, arguing, inter alia, that no special relationship existed between the plaintiff and Cavallino that would require Cavallino to advise, guide, or direct the plaintiff to procure additional coverage. The plaintiff opposed Cavallino's summary judgment motion, arguing, inter alia, that Cavallino's "professional agency relationship" obligated it to inform the plaintiff of any loss or cancellation of coverage. In an order entered October 11, 2016, the court denied Cavallino's motion, finding that, with respect to the July 2012 accident, a question of fact existed as to whether Cavallino breached its duty to or a contract with the plaintiff. Cavallino subsequently moved for leave to reargue its motion for summary judgment. In the order appealed from, the court granted Cavallino's motion and, upon reargument, in effect, vacated the order entered October 11, 2016, and thereupon granted the motion for summary judgment.
Insurance brokers "have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so; however, they have no continuing duty to advise, guide or direct a client to obtain additional coverage" (American Bldg. Supply Corp. v Petrocelli Group, Inc., 19 NY3d 730, 735 [internal quotation marks omitted]). In the ordinary broker-client setting, the client may prevail only where it can establish that it made a particular request to the broker and the requested coverage was not procured. The plaintiff herein does not allege that it specifically requested a type of insurance that was not procured by Cavallino
within a reasonable time. Thus, its claim hinges on the existence of a special relationship. Where a special relationship develops between the broker and client, the broker may be liable, even in the absence of a specific request, for failing to advise or direct the client to obtain additional coverage (see Hoffend & Sons, Inc. v Rose & Kiernan, Inc., 7 NY3d 152, 158; Murphy v Kuhn, 90 NY2d 266, 272-273). The Court of Appeals has identified three exceptional situations that may give rise to a special relationship, thereby creating an additional duty of advisement: "(1) the agent receives compensation for consultation apart from payment of the premiums; (2) there was some interaction regarding a question of coverage, with the insured relying on the expertise of the agent; or (3) there is a course of dealing over an extended period of time which would have put objectively reasonable insurance agents on notice that their advice was being sought and specially relied on" (Murphy v Kuhn, 90 NY2d at 272 [citations omitted]; see Voss v Netherlands Ins. Co., 22 NY3d 728, 735).
A motion for leave to reargue is addressed to the sound discretion of the Supreme Court (see HSBC Bank USA, N.A. v Halls, 98 AD3d 718; Matter of Swingearn, 59 AD3d 556). A motion for reargument must be "based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221[d][2]). Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in granting leave to reargue Cavallino's motion for summary judgment, since Cavallino demonstrated that the court overlooked or misapprehended the fact that the plaintiff did not have an interaction with Cavallino regarding a question of coverage under the AGCS policy in July 2012 that would have triggered a duty to advise the plaintiff of the cancellation.
We agree with the Supreme Court's determination, upon reargument, to grant the motion for summary judgment. Cavallino made a prima facie showing that it procured the insurance coverage requested by the plaintiff and the plaintiff does not dispute that fact (see generally Maxwell [*3]Plumb Mech. Corp. v Nationwide Prop. & Cas. Ins. Co., 116 AD3d 740). Moreover, Cavallino demonstrated that the notice of cancellation was sent to the plaintiff by AGCS on December 19, 2011, at the plaintiff's listed address.
In opposition, the plaintiff failed to raise a triable issue of fact as to whether there was some interaction between it and Cavallino in July 2012 regarding a question of coverage under the AGCS policy. Moreover, the plaintiff has failed to raise a triable issue of fact as to whether Cavallino received payment from it for consultation apart from payment of the premium or whether there was a course of dealing over an extended period of time such that Cavallino would be on notice that the plaintiff was seeking its advice and relying thereupon. Therefore, we agree with the Supreme Court's determination that the plaintiff failed to raise a triable issue of fact as to whether a special relationship existed between it and Cavallino such that Cavallino had a continuing duty to advise, guide or direct the plaintiff to obtain additional coverage.
SCHEINKMAN, P.J., RIVERA, CHAMBERS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court