## 1616 President St. Assoc. LLC v Edwards

2025 NY Slip Op 32203(U)

June 20, 2025

Civil Court of the City of New York, Kings County

Docket Number: Index No. LT-309302-20/KI

Judge: Juliet P. Howard

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

Civil Court of the City of New York
County of Kings Housing Part J

Index # **LT-309302-20/KI**

1616 President Street Associates LLC

                           Petitioner(s)

**Decision / Order**

        -against-

Patricia J Edwards

                        Respondent(s)

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion :
Sequence #3 to reargue:

| Papers | NYSCEF Documents | Numbered |
|---|---|---|
| Order to show Cause/ Notice of Motion | | 51 to 54 |
| Opposition papers, Exhibits & Memo of Law | | 56 to 63 |
| Reply Affidavits /Affirmations | | 64 |
| Other | | 1 to 50 |

Upon the foregoing cited papers, the Decision/ Order on the petitioner's motion sequence # 3 to reargue is decided as follows for the following reasons:

Petitioner moves to reargue, pursuant to CPLR §2221(d), the portion of the Order of this Court dated November 21, 2024 which granted Respondent a 100% abatement for the period June 2020 through May 3, 2022. Petitioner moves pursuant to CPLR §2221 seeking to vacate that portion of this court's order which dealt with any rent not sought in the petition. Below is a brief history of this nonpayment proceeding where respondent raised a MDL 302-a rent impairing violations as a defense.

Petitioner filed this nonpayment proceeding in December 2020 seeking $6761.00 in alleged rent arrears representing $1046 for June 2020 and $1143 monthly for July 2020 through November 2020 for this rent stabilized unit. Following is an relevant summary of the history of this proceeding. Respondent, by counsel, filed her answer. Annexed to respondent's answer was a two attorney out-of-court agreement signed by counsel for both sides stating that any deposits necessary throughout the duration of legal proceedings between the parties would be kept in an escrow account owned and managed by Brooklyn Legal Services/Legal Services NYC, and that the money shall be released only upon court order or two-attorney agreement between the parties. *See,* NYSCEF Document # 8

1

[* 1]

The respondent's answer raised various defenses, affirmative defenses and counterclaims including allegations of improper petitioner, improper rent demand, rent impairing violations, failure to serve notice of late payment, retaliation, the Tenant Safe Harbor Act (TSHA), rent overcharge, warranty of habitability, order to correct and civil penalties, harassment, and sought attorney's fees. Respondent initially moved for summary judgment pursuant to CPLR § 3212(b) on her Rent Impairing Violation defense, per N.Y. Mult. Dwell. Law § 302-a; sought a 100% rent abatement for the period of June 2020 through May 2022, pursuant to N.Y. Mult. Dwell. Law §302-a; and sought an award of attorneys' fees. In the alternative, respondent sought permission to deposit said rents into the court. The initial motion for summary judgment was denied without leave to file any future motions and without prejudice to either sides right to their claims and/or counterclaims. This court denied respondent's initial motion for summary judgment as respondent had failed to deposit the required funds with the clerk of the court and only showed the deposit of funds sought in the petition into respondent attorney's escrow account pursuant to the terms of the two-attorney out of court agreement.  This court did, however, grant respondent's alternative request for relief which sought time to withdraw deposited monies from Brooklyn Legal Services' escrow fund to then deposit with the clerk of the court. Respondent in support of her alternative request for relief relied on *46 E. 91ˢᵗ St. Assoc. v. Bogoch*, 23 Misc. 3d 36, (AT 1ˢᵗ Dept, 2009).  Respondent subsequently timely deposited the funds with clerk of the court and there was no dispute as to respondent's timely deposit of the required rent deposit.

Thereafter respondent moved for summary judgment pursuant to CPLR 3212 (b), seeking to dismiss the petition with prejudice based on her rent impairing violation defense under Multiple Dwelling Law § 302-a; issuing a 100% rent abatement for the period of June 2020 through May 2022, pursuant to Multiple Dwelling Law § 302-a; and sought additional relief including scheduling this matter for a hearing on respondent's counterclaims; and awarding

2

[* 2]

respondent attorney's fees. Petitioner opposed the respondent's motion in its entirety. The court granted summary judgment to respondent as to her rent impairing violation defense pursuant to Multiple Dwelling Law § 302-a.

Summary judgment is a drastic remedy where a movant must make a prima facie showing of entitlement to judgment as a matter of law, while submitting sufficient evidence to eliminate any material issues of fact from the case. *See, Winegrad v. New York Univ. Med. Ctr.*, 64 Misc NY2d 851 [1985]). A tenant is entitled to an abatement of rent that has been withheld if there are rent-impairing violations in the tenant's apartment or in common areas of the building, if HPD rent-impairing violations have been on record and uncorrected for a minimum of six months and where a landlord has had notice of such violations. Pursuant to Multiple Dwelling Law § 302-a(3)(a) no rent can be collected by the owners for the period that the violation remains uncorrected after the expiration of the six-month period. *See, Food First HDFC Inc v. Turner,* 69 Misc 2d 1202(A) (NY Civ Ct, 2020) (In *Food First HDFC Inc*, tenants were granted summary judgment on their MDL 302-a defense where they "fulfilled every condition to the letter of the statute." The landlord's position that there was no affidavit in support from respondent-tenants and that conditions were not in the tenants' apartment and that the tenant's denied access was unpersuasive to the court. The court in *Food First* granted summary judgment in the tenant's favor based on tenant's rent impairing violation defense and awarded her a 100% rent abatement for the period beginning six months after the notice of violation was issued and until the violation was certified as corrected by HPD.) Respondent sought the same remedy here and asserted that the relief she seeks is for a nearly identical rent impairing violation.

MDL § 302-a(3)(c) requires that to raise the defense of a rent impairing violation, "the resident must "affirmatively plead and prove the material facts under subparagraph a, and must also deposit with the clerk of the court in which the action or proceeding is pending at the time of filing of the resident's answer the amount of rent sought to be recovered in the action." In this

3

[* 3]

proceeding there was at least one building-wide rent impairing violation in the common areas of respondent's building, HPD Violation Number 13170794, which was subsequently corrected as of May 3, 2022. The violation stated, as taken verbatim from the HPD violation report, stated: "M/D LAW PROPERLY FIRE RETARD IN ACCORDANCE WITH THE RULES AND REGULATIONS OF THIS DEPARTMENT THE CELLAR CEILING AT NORTHEAST." See, NYSCEF Doc. No. 35 HPD's notice of violation. Respondent sought a 100% rent abatement pursuant to NY Mult. Dwell. Law § 302-a, as the violation in question existed in a common area of the subject building, becoming "ripe" under NY Mult. Dwell. Law § 302-a on January 17, 2020 (six months after the date reported in July 2019), and, upon information and belief, was not certified corrected until May 3, 2022. It was undisputed that the rent impairing violation was corrected as of May 3, 2022. The required MDL rent impairing deposit was subsequently made into the court pursuant to this court's prior decision and order. See NYSCEF Doc. No. 28. This court in its prior order determined there was no disputed issue of fact as to the HPD rent impairing violation and the period in question, which was June 2020 through May 3, 2022, when said violation was corrected.

This court thereafter granted respondent's motion for summary judgment as respondent had properly plead an MDL 302-a defense and timely made the required deposit; and awarded a 100% abatement for the period of June 2020 through May 3, 2022, when the violation was corrected. The court dismissed the petition without prejudice to petitioner's right to seek any post-May 3, 2022 rent arrears due and owing in a subsequent proceeding. After dismissal what remained of the proceeding was respondent's counterclaims. The proceeding was restored to the court's calendar and sent out to Part Q Trial Part for a hearing on respondent's counterclaims.

Petitioner now seeks reargument pursuant to CPLR §2221(d), solely based on that portion of this Court's November 21, 2024 order which granted Respondent a 100% abatement for the period June 2020 through May 3, 2022. NYSCEF Docket #45. The petition in this

4

[* 4]

proceeding was filed on December 16, 2020 and sought rent for the period June 2020 through November 2020. See NYSCEF Docket #1. Petitioner asserts that since the petition was not amended to include any rent for the period other than that sued for in the Petition, June 2020 through November 2020, then the petition period is the only period of time over which the Court had jurisdiction for petitioner's claim for rent and respondent's affirmative defense pursuant to MDL §302-a. 7.

Petitioner in its motion to reargue relies on a recent Appellate Term Second Department decision in a corresponding case with the same petitioner that raised similar MDL §302-a defenses. *See,1616 President Street Associates v Ackie,* 2024 NY Slip Op 51534(U), 84 Misc 3d 128(A) (AT 2nd Dept. 2024) NYSCEF Doc #53. There the court held that since the petition was not amended it was improper to require a rent deposit in an amount greater than that sought in the Petition in order to raise a MDL §302-a defense. Petitioner argues that it naturally flows from said decision that in the case at bar any rent for the period of time after the date of the Petition is not before the Court and, furthermore, any defenses against those post-petition claims based on an MDL §302-a defense are not properly before the Court. Petitioner asserts this Court, in its decision granting summary judgment, should not have addressed either side's right to rent for any periods beyond those claimed in the petition and addressed by the answer, as the issue was not before it.

A motion for leave to reargue or renew is addressed to the sound discretion of the court (*See, Matter of Swinqearn*, 59 AD3d 556 [2d Dept 2009]). It must be "based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion" (CPLR §2221[d][2]). Petitioner requests that this Court issue a new Order, correcting its error in addressing any rent for the period after the date of the sums sued for in the petition.

Respondent opposes petitioner's motion to reargue and asserts that petitioner argument erroneously conflates legal standards between elements required to assert a defense under MDL

5

[* 5]

302-a with the elements required to satisfy such defense. Respondent notes that courts have consistently found that once a rent-impairing violation is properly interposed, the courts have authority to award a 100% abatement "for the period that such violation remains uncorrected after the expiration of six months" (MDL § 302- a[3][a]). This court cited caselaw in its original order finding summary judgment in favor of respondent, including *Food First HDFC Inc v. Turner*, *supra*. Here, respondent asserts the rent impairing violation defense was properly interposed by respondent, that the Petitioner did not dispute the existence of the building-wide Rent Impairing Violation nor seek to strike the defense, and the Court correctly granted summary judgment awarding a 100% abatement for the period that the building-wide violation remained uncorrected following the six-month expiration (see MDL § 302-a).

As for the recent Appellate Term decision which petitioner relies on in support of their reargument, respondent asserts that a decision about pre-merits procedural requirements does not in any way limit what the Court may award on the merits, especially where, as happened here, the Petitioner never opposed the merits of the defense (see September 8, 2023, Decision/Order at NYSCEF doc. no. 26). Given the context and relevant caselaw, respondent asserts this Court did not misapprehend the facts or law in reaching its decision to grant respondent her respective rent abatement and must deny petitioner's motion to reargue.

**DISCUSSION**

CPLR 2221(d) provides that a motion for leave to reargue: 1. Shall be identified specifically as such; 2. shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion; and 3. shall be made within thirty days after service of a copy of the order determining the prior motion and written notice of its entry.

Here petitioner's motion to reargue relies on the Appellate Term's holding in *1616 President Street Associates v Ackie,* 2024 NY Slip Op 51534(U), 84 Misc 3d 128(A) (AT 2nd

6

[* 6]

Dept. 2024), where the court held that since the petition was not amended it was improper to require a rent deposit in an amount greater than that sought in the Petition in order to raise a MDL §302-a defense. Petitioner argues that it naturally flows from said decision that in the case at bar any rent for the period of time after the date of the Petition is not before the Court and, furthermore, any defenses against those post-petition claims based on MDL §302-a are not properly before the Court. Petitioner argued that this court erred in ordering an abatement that included post-petition rent arrears.

Respondent asserts petitioner's argument incorrectly blends legal standards between elements required to assert an MDL 302-a defense and elements required to satisfy the defense. Once rent impairing violations are properly interposed, the courts have authority to award a 100% abatement for the period that such violation remains uncorrected after the expiration of six months. Here respondent argues the court applied clear instructions as mandated by MDL 302-a to award a 100% abatement for period that the rent impairing violation remained uncorrected after expiration of 6 months. Respondent argues that when awarding a 100% abatement beyond the petition amount the court is following clear instructions mandated by MDL§ 302-a to award a 100% abatement "for the period that [the rent impairing] violation remain[ed] uncorrected after the expiration of six months." (MDL § 302-a[3][a]

The court in *1616 President St. Assoc., LLC v. Ackie*, *supra,* cited MDL § 302-a stating "If a rent-impairing violation remains uncorrected for six months after notice is given of the violation, a landlord cannot collect rent for the subsequent period that the rent-impairing [**2] violation remains uncorrected (*see* Multiple Dwelling Law § 302-a [3] [a])." The court went on to state that "In a nonpayment proceeding, it is a precondition of a defense founded upon Multiple Dwelling Law § 302-a that, when interposed, a tenant must deposit with the clerk of the court "the amount of rent . . . upon which the proceeding to recover possession is based" (Multiple Dwelling Law § 302-a [3] [c]), which is the sum alleged in the nonpayment petition,

7

[* 7]

including any amendments already made to the petition upon motion of the petitioner (*see New York City Hous. Auth. v Sinclair*, 21 Misc 3d 133[A], 2008 NY Slip Op 52183[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]). Here, landlord did not move to amend the petition and, therefore, it was improper to require a deposit in excess of the sum alleged in the nonpayment petition (*see 22l E. 78th Tenants Corp. v Cohen*, 36 Misc 3d 126[A], 2012 NY Slip Op 51158[U] [App Term, 1st Dept 2012]; *One Lenox LLC v Rivers*, 2022 NY Slip Op 34545[U] [Civ Ct, Kings County [*3]  2022]). Consequently, the order must be modified to reflect only the arrears alleged in the petition."

The court in *1616 President St. Assoc., LLC v. Ackie, supra* was clear in distinguishing between the requirement for a rent deposit to reflect only the arrears in the petition, in contrast to a landlord's prohibition under Multiple Dwelling Law § 302-a, from collecting rent for the subsequent period that a rent-impairing violation remains uncorrected, where such rent-impairing violation remains uncorrected for six months after notice is given of the violation. This court does not find petitioner's argument persuasive that the Appellate Term's reasoning in  limiting a rent deposit to the petition amount (where the petition has not yet been amended), which is clearly "pre-merits" should also be applied to the award of an abatement once a MDL 302-a violation has been established, which is based on the merits. The language of MDL 302-a is clear and unambiguous as to the court's ability to apply a 100% abatement for the period that the rent-impairing violation existed, provided it remained uncorrected for six months after notice of such violation was given. Here the violation in question existed in a common area of the subject building, becoming "ripe" under NY Mult. Dwell. Law § 302-a on January 17, 2020 (six months after the date reported in July 2019), and was not certified corrected until May 3, 2022. It is undisputed that the rent impairing violation was corrected as of May 3, 2022.

The determination of whether to grant leave to reargue lies within the sound discretion of the court. *Ahmed v. Pannone*, 116 A.D.3d 802, 984 N.Y.S.2d 104 (2nd Dept. 2014). The court

8

[* 8]

neither overlooked or misapprehended the facts or the law in its original order. *See*, CPLR

2221(d)(2) As such, Petitioner's motion sequence #3 for leave to reargue a portion of the court's

order dated November 24, 2024, is denied.

The proceeding shall be restored and returned to the Part R calendar for a trial on

respondent's counterclaims. As noted in the preliminary conference order by this court, this court

would only entertain petitioner's motion to reargue, once the proceeding was transferred to the

trial part. NYSCEF Doc. # 49 No other motions will be heard by the resolution part and any

subsequent trial motions are to be made in Trial Part R. Counsel for both sides are directed to

reach out to Part R court staff to find a mutually agreeable pre-trial conference date as to

respondent's remaining counterclaims.

This constitutes the decision and order of this Court. A copy of this order is to be

uploaded to NYSCEF.

Dated: June 20, 2025

Hon. Juliet P. Howard
Housing Court Judge

**ENTERED**
6/24/2025, 10:12:41 AM

9