Perez v City of New York (2025 NY Slip Op 06879)

Perez v City of New York

2025 NY Slip Op 06879

Decided on December 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2022-06753
 (Index No. 701944/22)

[*1]Hildania Perez, etc., appellant, et al., plaintiffs,
v
City of New York, et al., respondents.

Theodore H. Friedman, New York, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Deborah A. Brenner and Diana Lawless of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries and wrongful death, the plaintiff Hildania Perez appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated July 1, 2022. The order denied that plaintiff's motion to vacate a Medicaid lien.
ORDERED that the order is affirmed, with costs.
Following a car accident, which resulted in the death of Viviana Perez (hereinafter the decedent), the plaintiff Hildania Perez (hereinafter the plaintiff), among others, commenced this action against the defendants, alleging negligence related to their design and/or maintenance of the Grand Central Parkway in the area of the accident. The New York City Department of Social Services (hereinafter DSS) filed a Medicaid lien pursuant to Social Services Law § 104-b for recovery of its past medical expenses paid on the decedent's behalf, totaling $315,764.68.
In September 2021, the plaintiff settled with the defendants for the sum of $4,500,000. In May 2022, the plaintiff moved to vacate the Medicaid lien, contending that the entire settlement was ascribed to the decedent's pain and suffering and no portion of it was attributable to the payment of past medical expenses. The defendants and DSS separately opposed the motion. In an order dated July 1, 2022, the Supreme Court denied the motion. The plaintiff appeals.
The right of DSS to recover payment of Medicaid benefits is conferred by statute (see id.; Matter of Swingearn, 59 AD3d 556, 558). As an alternative to a direct suit against the responsible third party (see Calvanese v Calvanese, 93 NY2d 111, 116; Sherman v DeRosa, 34 AD3d 782, 783), since the Legislature's enactment of Social Services Law § 104-b in 1964, DSS may also pursue reimbursement indirectly by placing a lien on personal injury actions commenced by a Medicaid recipient against the responsible party (see Carpenter v Saltone Corp., 276 AD2d 202, 208; Calvanese v Calvanese, 93 NY2d at 116). "This statute was enacted in order to provide public welfare entities such as DSS with a preference over the 'general creditors' of a recipient of public assistance" (Matter of Swingearn, 59 AD3d at 558, citing 1964 NY Legis Ann at 322). "In order to contain program costs and ensure that Medicaid remains the payor of last resort, States must take all reasonable measures to ascertain the legal liability of third parties . . . to pay for care and services available under the plan, and seek reimbursement from them" (Calvanese v Calvanese, 93 NY2d at [*2]116 [citation and internal quotation marks omitted]; see 42 USC § 1396k[a][1][A]; 18 NYCRR 360-7.4[a][4]; 42 CFR 433.145[a][3]). In cooperation with federal law, "Medicaid applicants [must] assign to the State the right to seek reimbursement from a third party up to the amount of medical assistance paid" (Calvanese v Calvanese, 93 NY2d at 117).
Specifically, DSS is entitled to recover reimbursement from a beneficiary's tort recovery "designated as payments for medical costs" and not from other damages awards, such as pain and suffering or lost wages (Arkansas Dept. of Health and Human Servs. v Ahlborn, 547 US 268, 288; see Wos v E. M. A., 568 US 627, 638). Courts have recognized, however, "that Medicaid beneficiaries and tortfeasors might collaborate to allocate an artificially low portion of a settlement to medical expenses" (Wos v E. M. A., 568 US at 684) to manipulate the settlement to "allocate away the State's interest" (Arkansas Dept. of Health and Human Servs. v Ahlborn, 547 US at 288).
In New York, it has been recognized that a Medicaid lien will not be defeated by the mere declaration of a plaintiff's attorney that the settlement does not relate to medical expenses (see D.J. v 636 Holding Corp., 154 AD3d 453, 457; Matter of Homan v County of Cattaraugus Dept. of Social Servs., 74 AD3d 1754, 1755; Carpenter v Saltone Corp., 276 AD2d at 211). The court's determination "'is not foreclosed by the form of the settlement documents or the language used by the attorneys in the settlement stipulation, if that form and language do not truly reflect the consideration of the settlement, or are chosen merely as a means to defeat DSS' recovery'" (D.J. v 636 Holding Corp., 154 AD3d at 473, quoting Simmons v Aiken, 100 AD2d 769, 770). "Among the factors . . . relevant to the court's determination [is] whether the pleadings asserted a claim for medical expenses" (id.).
The Supreme Court properly denied the plaintiff's motion to vacate the Medicaid lien. Contrary to the plaintiff's contention, the evidence proffered by the plaintiff was insufficient to establish that no portion of the personal injury settlement was allocated to medical expenses. Counsel's memorandum of law with the proposed settlement allocations is unpersuasive. A transcript of the settlement proceedings demonstrated that allocations were not addressed at the time of settlement. The plaintiff failed to provide any proof, such as the pleadings or bills of particulars, to demonstrate whether the plaintiff sought recompense for medical care. Moreover, the plaintiff's own submissions demonstrated notice of a potential lien as early as 2007. Further, during the settlement proceedings, the parties stipulated that "the [p]laintiff is responsible for any and all liens, including any medical liens that may exist." Accordingly, under the circumstances of this case, the court properly denied the motion.
GENOVESI, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court